EXHIBIT 1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JULY 2020**

E-Filing Number: 2007010770

**000334**

| | |
|---|---|
| PLAINTIFF'S NAME<br>VINCENT SORACE | DEFENDANT'S NAME<br>WELLS FARGO BANK, N.A. |
| PLAINTIFF'S ADDRESS<br>233 MONKEY WRENCH RD.<br>GREENSBURG PA 15601 | DEFENDANT'S ADDRESS<br>601 CHESTNUT ST.<br>PHILADELPHIA PA 19106 |
| PLAINTIFF'S NAME<br>JOSEPH YERTY | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>423 BRUMBAUGH LANE<br>MARTINSBURG PA 16662 | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME<br>TAMMY YERTY | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>423 BRUMBAUGH LANE<br>MARTINSBURG PA 16662 | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS<br>6 | TOTAL NUMBER OF DEFENDANTS<br>1 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration    [ ] Mass Tort    [ ] Commerce    [ ] Settlement<br>[ ] Jury    [ ] Savings Action    [ ] Minor Court Appeal    [ ] Minors<br>[ ] Non-Jury    [ ] Petition    [ ] Statutory Appeals    [ ] W/D/Survival<br>[X] Other: CLASS ACTION |

CASE TYPE AND CODE
C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

JUL **07** 2020

**M. BRYANT**

IS CASE SUBJECT TO
COORDINATION ORDER?
     YES      NO

---

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: VINCENT SORACE , JOSEPH YERTY , TAMMY YERTY , VIKTOR STEVENSON , AS
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>RICHARD SHENKAN | ADDRESS<br>6550 LAKESHORE ST.<br>WEST BLOOMFIELD MI 48323 |
|---|---|
| PHONE NUMBER<br>(248)562-1320 | FAX NUMBER<br>(888)769-1774 | |
| SUPREME COURT IDENTIFICATION NO.<br>79800 | E-MAIL ADDRESS<br>rshenkan@shenkanlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*RICHARD SHENKAN* | DATE SUBMITTED<br>Tuesday, July 07, 2020, 11:54 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF PLAINTIFFS:**

1. VINCENT SORACE
   233 MONKEY WRENCH RD.
   GREENSBURG PA 15601
2. JOSEPH YERTY
   423 BRUMBAUGH LANE
   MARTINSBURG PA 16662
3. TAMMY YERTY
   423 BRUMBAUGH LANE
   MARTINSBURG PA 16662
4. VIKTOR STEVENSON
   3100 CHARTIERS AVE.
   PITTSBURGH PA 15214
5. ASHLEY YATES
   3100 CHARTIERS AVE.
   PITTSBURGH PA 15214
6. KIMBERLY SOLOMON-ROBINSON
   2614 SAMPSON ST.
   PITTSBURGH PA 15235



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21840389**
**Date Processed: 08/04/2020**

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Vincent Sorace vs. Wells Fargo Bank, N.A. |
| **Matter Name/ID:** | Vincent Sorace vs. Wells Fargo Bank, N.A. (10404444) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Philadelphia County Court of Common Pleas, PA |
| **Case/Reference No:** | 2007000334 |
| **Jurisdiction Served:** | South Dakota |
| **Date Served on CSC:** | 08/03/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Richard Shenkan<br>248-562-1320 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Kadir-Kaghaz, Manijha (Auto)]<br>Routing Rules (CSC): R1653<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **JULY 2020** | **000334** |
| E-Filing Number: 2007010770 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VINCENT SORACE | WELLS FARGO BANK, N.A. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 233 MONKEY WRENCH RD.<br>GREENSBURG PA 15601 | 601 CHESTNUT ST.<br>PHILADELPHIA PA 19106 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOSEPH YERTY | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 423 BRUMBAUGH LANE<br>MARTINSBURG PA 16662 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TAMMY YERTY | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 423 BRUMBAUGH LANE<br>MARTINSBURG PA 16662 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 6 | 1 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other:  CLASS ACTION | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**
C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED PRO PROTHY**<br>JUL 07 2020<br>**M. BRYANT** | YES        NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: VINCENT SORACE , JOSEPH YERTY , TAMMY YERTY , VIKTOR STEVENSON , AS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| RICHARD SHENKAN | 6550 LAKESHORE ST.<br>WEST BLOOMFIELD MI 48323 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (248)562-1320 | (888)769-1774 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 79800 | rshenkan@shenkanlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| RICHARD SHENKAN | Tuesday, July 07, 2020, 11:54 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF PLAINTIFFS:**

1. VINCENT SORACE
   233 MONKEY WRENCH RD.
   GREENSBURG PA 15601
2. JOSEPH YERTY
   423 BRUMBAUGH LANE
   MARTINSBURG PA 16662
3. TAMMY YERTY
   423 BRUMBAUGH LANE
   MARTINSBURG PA 16662
4. VIKTOR STEVENSON
   3100 CHARTIERS AVE.
   PITTSBURGH PA 15214
5. ASHLEY YATES
   3100 CHARTIERS AVE.
   PITTSBURGH PA 15214
6. KIMBERLY SOLOMON-ROBINSON
   2614 SAMPSON ST.
   PITTSBURGH PA 15235

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

*Filed and Attested by the Office of Judicial Records 07 JUL 2020 11:54 pm M. BRYANT*

VINCENT SORACE, JOSEPH YERTY,
TAMMY YERTY, JAMES ZARONSKY,
LINDA ZARONSKY, VIKTOR
STEVENSON, ASHLEY YATES,
and KIMBERLY SOLOMON-ROBINSON,
individually and on behalf of a class
of similarly situated persons,

        Plaintiffs,

        v.

WELLS FARGO BANK, N.A.,

        Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION

JURY TRIAL DEMANDED

Counsel of Record for Plaintiffs:
Richard Shenkan
Shenkan Injury Lawyers, LLC.
6550 Lakeshore St.
West Bloomfield, MI 48323
T: (248) 562-1320
F: (888) 769-1774
rshenkan@shenkanlaw.com

**NOTICE TO PLEAD**

To Defendants:  You are hereby notified to file a
written response to the within pleading within
twenty (20) days of service hereof or a judgment
may be entered against you.

SHENKAN INJURY LAWYERS, LLC.

    Richard Shenkan

1

Case ID: 200700334

NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or if you cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta ascentar una comparecía escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisioner de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demandas a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o flame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociación De Licenciados
De Filadelfia
Servicio De Referencia E
Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
*Attorney for Plaintiffs*

## CLASS ACTION COMPLAINT

Vincent Sorace, Joseph and Tammy Yerty, James Zaronsky, Linda Zaronsky, Viktor Stevenson, Ashley Yates, and Kimberly Solomon-Robinson (collectively known as "Plaintiffs"), on behalf of themselves individually and all others similarly situated, hereby file this Complaint against Wells Fargo Bank, N.A. and allege as follows:

## I.     INTRODUCTION

1.     Plaintiffs bring this consumer class action on behalf of themselves and similarly situated people who have had their vehicle repossessed in Pennsylvania. This action seeks monetary relief in the form of minimum statutory damages, which is expressly permitted "***regardless of any injury that may have resulted,***" through the Uniform Commercial Code ("UCC"), independently, and in *pari materia* with the Motor Vehicle Sales Finance Act ("MVSFA"),[1] due to Defendant's systematic failure to comply with the strict statutory requirements relating to Post-Repossession Consumer Disclosure Notices ("Notices of Repossession").

## II.     PARTIES

2.     Plaintiff Vincent Sorace is an adult individual residing at 233 Monkey Wrench Road, Greensburg, PA 15601.

3.     Plaintiffs Joseph Yerty and Tammy Yerty are adult individuals who reside at 423 Brumbaugh Lane, Martinsburg, PA 16662.

4.     Plaintiffs James Zaronsky and Linda Zaronsky are adult individuals residing at 20 South Shupe St, Mount Pleasant, PA 15666.

---

[1] The MVSFA was originally found in Chapter 7 of Title 69 of Purdon's Statutes. In 2014, it was repealed and recodified in Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes.

2

5.      Plaintiffs Viktor Stevenson and Ashley Yates are adult individuals residing at 3100 Chartiers Ave., Pittsburgh, PA 15214.

6.      Plaintiff Kimberly Solomon-Robinson is an adult individual residing at 2614 Sampson St., Pittsburgh, PA 15235.

7.      All Plaintiffs had vehicles repossessed by Defendant (or its agent) in Pennsylvania.

8.      Wells Fargo sent each Plaintiff a Notice of Repossession at an address in Pennsylvania.

9.      Excluding the Yerty's and co-borrowers, Wells Fargo also sent each Plaintiff a Post-Sale Notice to an address in Pennsylvania.

10.     Defendant Wells Fargo Bank, N.A. (hereafter "Wells Fargo") is a federally chartered bank and is a subsidiary of Wells Fargo & Company.

## III.    VENUE

11.     Wells Fargo regularly and systematically conducts business throughout Pennsylvania.

## IV.    JURISDICTION LIMITED TO STATE COURT

**Plaintiffs crafted complaint to avoid Federal Jurisdiction, deliberately failing to plead facts sufficient to meet the requirements set forth in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); *Ashcroft v. Iqbal*, 556 US 662, 129 S. Ct. 1937 (2009); and F.R.C.P. Rule 8.**

12.     This Court is an appropriate forum, since the Defendant does business in this county.

13.     As masters of their complaint, Plaintiffs are permitted to craft their complaint to avoid federal jurisdiction. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013). This complaint is crafted to comply with the Pennsylvania Rules of Civil Procedure. They do not and are not intended to satisfy the Federal Court jurisdiction and pleading requirements.

3

14.     As said masters of their complaint, Plaintiffs explicitly and intentionally _limit_ their relief to statutory minimum damages pursuant to 13 Pa.C.S. §9625(c)(2) which expressly permits a recovery to consumers as a result of a secured creditor's non-compliance *regardless of whether or not any Representative Plaintiff or any Class Member suffered any harm,* capping the recovery to a formulaic figure as determined by a sum determined by adding the finance charge plus 10% of the amount financed.

15.     Plaintiffs are not alleging that they or any of the putative class members suffered any actual, particularized, concrete injury-in-fact or material risk of harm to confer Federal jurisdiction. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016).

16.     Plaintiffs have deliberately drafted this pleading so that it does not satisfy the requirement of F.R.C.P. Rule 8 which requires that the pleading clearly state that Plaintiffs has sustained an ascertainable injury as set out in *Ashcroft v. Iqbal,* 556 US 662, 129 S. Ct. 1937 (2009); *See also, Hudson v. Eaglemark Sav. Bank,* 475 Fed.Appx. 423, 427 (3d. Cir. 2012).

17.     Plaintiffs and all (putative) class members are not making any claim for a loss or seeking actual damages pursuant to 13 Pa. C.S. §9625(c)(1) or for any other relief pursuant to §9625(a).

18.     Plaintiffs are not challenging Defendant's act of repossessing its chattel.

19.     Rather, Plaintiffs challenge Defendant's concealed wrongdoings including, *inter alia,* Defendant's systematic sending of statutorily non-compliant Post-Repossession Disclosure Notices ("Notices of Repossession") which failed to inform the debtor of the intended method of disposition, their redemption rights, and fees which resulted in an inaccurate redemption amount.

4

20.     This complaint does not, and is not intended to, include any allegations or inferences that any Representative Plaintiff or (putative) class member paid any Redemption Fee, Personal Property Fee or Storage Fee, or suffered any actual injury-in-fact or material risk of harm as a result of any Redemption Fee, Personal Property Fee or Storage Fee, or as a result of an inaccurate redemption amount stated in the challenged Notices of Repossession.

## V.     DEFINITIONS

21.     **Administrative Fee**: The term "Administrative Fee" refers to a fee that Wells Fargo, a third party repossessor, and/or the auction selling the repossessed vehicle, charged or would charge to debtors as a precondition to Reinstatement or Redemption.

22.     **Collector-Repossessor:** The term "Collector-Repossessor" means, pursuant to 12 Pa.C.S.A.§6202:

(1) A person who, as an independent contractor and not as a regular employee of an installment seller or a sales finance company, collects payments on installment sale contracts or repossesses motor vehicles that are the subject of installment sale contracts.
(2) The term excludes the following:
    (i) A duly constituted public official or an attorney at law acting in an official capacity.
    (ii) A licensed seller or licensed sales finance company making collections or repossessions on installment sale contracts, if the seller or sales finance company:
        (A) was previously a holder; or
        (B) was not a holder but occasionally makes collections or repossessions for other licensed sellers or licensed sales finance companies.

23.     **Debtor**: The term "Debtor" is "A: (1) person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor ..." *See*, 13 Pa. C.S.A. §9102.

24.     **Good Faith**:  The term "Good Faith" means honesty in fact and the observance of reasonable commercial standards of fair dealing. 13 Pa.C.S.A. §1201; See, *"Obligation of Good Faith"* below.

5

25.   **Motor Vehicle**:   Except as otherwise stated, the term "Motor Vehicle" means a device in which, upon which, or by which a person or property is or may be transported or drawn upon a public highway, including an automobile, a truck, a sports utility vehicle, a van, a minivan, a camper, a recreational vehicle, a motorcycle, or a truck. For purposes of this Complaint, the term is not intended to include a semitrailer or manufactured home.

26.   **Notice of Repossession**: The term "Notice of Repossession" refers to a post-repossession consumer disclosure notice and has the same meaning as the term "notification of disposition" in 13 Pa.C.S.A. §§9611, 9613, and 9614 and as "notice of repossession" in 12 Pa.C.S.A. §6254. Wells Fargo used at least one standardized, uniform form throughout the Class Period. The only information modified in the Notices of Repossession that is unique to each customer consists of amounts, personally identifiable information, unique data pertaining to the repossessed vehicle, the customer's loan information, and the date after which the disposition of the chattel is to occur.

27.   **Obligation of Good Faith**: The term "Obligation of Good Faith" refers to the requirement that "[e]very contract or duty within this title imposes an obligation of good faith in its performance and enforcement." 13 Pa. C.S.A. §1304.

28.   **Obligor**: The term "Obligor" refers to "A person that, with respect to an obligation secured by a security interest in or an agricultural lien on the collateral: (1) owes payment or other performance of the obligation; (2) has provided property other than the collateral to secure payment or other performance of the obligation; or, (3) is otherwise accountable in whole or in part for payment or other performance of the obligation. The term does not include any issuer or nominated person under a letter of credit.

6

29.   **Personal Property Fee**: The term "Personal Property Fee" refers to a fee which Wells Fargo and/or a third party repossessor, and/or the auction selling the repossessed vehicle would charge typically as a precondition to regaining possession of the personal belongings contained in the repossessed vehicle, to redeeming their vehicle, and/or reinstating their loan.

30.   **Post-Sale Notice**: The term "Post-Sale Notice" is a post-sale consumer disclosure notice which has the same meaning as the term "Explanation of Calculation of Surplus or Deficiency" in Section 9616 of the UCC. 13 Pa. C.S.A. §9616. This term also refers to the "deficiency notice" required by 12 Pa.C.S.A.§6261(d) (Emphasis added). The only information modified in Post-Sale Notices that is unique to each customer consists of amounts, personally identifiable information, unique data pertaining to the repossessed vehicle, the customer's loan information, and dates.

31.   **Redeem/Redemption**:  Unless stated otherwise, the term "Redemption" means a "buy back" of the repossessed vehicle by terminating the contract upon payment of the unpaid portion of the amount financed and the finance charge, plus late charges, and reimbursement of reasonable expenses incurred by Wells Fargo attributed to the retaking, repairing and storing the repossessed vehicle, and any other amounts lawfully due under the contract or permitted by law. 12 Pa.C.S.A. §6259.

32.   **Reinstatement:** The term "Reinstatement" refers to a borrower's reinstatement of the loan secured by the repossessed vehicle.

33.   **Redemption Fee**: The term "Redemption Fee" refers to a fee that Wells Fargo and/or a third party (a repossessor, repossession broker, and/or vehicle auction) charges debtors as a

7

precondition to redeem (buy back) his/her/their repossessed vehicle or to facilitate the reinstatement of the vehicle loan. This fee is sometimes referred to as a "cure fee."

34.    **Reinstatement Fee**: The term "Reinstatement Fee" refers to a fee charged to a borrower to reinstate his/her/their loan after repossession.

35.    **Schumer Box**: The term "Schumer box" is a table with a standardized format that discloses the rates, fees, terms and conditions of a credit card or other lending agreement as required under the federal Truth in Lending Act (TILA).

36.    **Storage Fee / Storage Expense**: The term "Storage Fee" or "Storage Expense" is a fee assessed to debtors for the storage of the repossessed vehicle.

## VI.    FACTS

37.    After repossessing Sorace's vehicle on or about July 22, 2014, Wells Fargo sent or caused to be sent Sorace a Notice of Repossession which is attached as **Exhibit 1**.

38.    After repossessing Kimberly Solomon-Robinson's vehicle on or about November 3, 2017, Wells Fargo sent her a Notice of Repossession attached hereto as **Exhibit 2**.

39.    After Wells Fargo repossessed James and Linda Zaronskys' vehicle on or about August of 2014; Viktor Stevenson's and Ashley Yates's vehicle on or about July 5, 2016; and Joseph and Tammy Yertys' vehicle in or about July of 2014, Wells Fargo sent them a Notice of Repossession.

40.    Plaintiffs presently do not have a copy of the Notices of Repossession sent to James and Linda Zaronsky, Viktor Stevenson, Ashley Yates, and Joseph and Tammy Yerty. Copies of these documents are within the possession of the Defendant and will be obtained in discovery.  It is believed and averred that the Notices of Repossession sent each of them are the

8

same or substantially similar as the form notice sent to Vincent Sorace and/or Kimberly Solomon-Robinson (other than personal information).

### *Wells Fargo's Systemic Inaccurate Disclosure of Disposition of Repossessed Vehicles*

41.    The Notices of Repossession at issue stated that the repossessed vehicle would be sold at a "private sale." A private sale is typically a wholesale auction at which the public is not invited to attend and place a bid on vehicles.

42.    This material statement regarding the intended disposition (public or private sale) of these vehicles was systematically not true. All the repossessed vehicles of these named Plaintiffs (except the Yerty's repossessed vehicle) were sold at the Manheim Auction at 3905 Jackson Pike Grove City, OH 43123, which is a public auction.

43.    A public auction is an auction at which the debtor (as a member of the public) could attend and bid for the purchase of their repossessed vehicle.

44.    Wells Fargo systematically failed to inform the Public Auction Class Members that their vehicles were being sold at a public sale, and the date and time of that sale, as required by 13 Pa. C.S. §9614.

### *Wells Fargo's Systemic Failure to Disclose all Fees and Expenses Associated with Redemption*

45.    The Notice of Repossession sent to all Plaintiffs also failed to inform them of a Storage Fee, a Redemption Fee, a Reinstatement Fee, an Administrative Fee, and/or a Personal Property Fee that would have been required to have been paid as a precondition to the retrieval of their personal affects, the redemption of the repossessed vehicles, or the reinstatement of their loans, in addition to the reinstatement or redemption amount stated in the Notice of Repossession.

9

46.     Wells Fargo (or its broker) had arrangements with the repossessor, repossession broker, and/or auction permitting the assessment of a Storage Fee, Redemption Fee, Reinstatement Fee, Administrative Fee, and/or Personal Property Fee that would be required to be paid by the borrower to these third parties in addition to the reinstatement and redemption amounts stated in the Notice of Repossession. In the alternative, Wells Fargo had knowledge of and consented to the assessment of such fees.

47.     Because these fees were not disclosed in the Notice of Repossession, the total amounts due for redemption and/or reinstatement in the Notice were not accurate.

48.     Further, these fees were not actual, necessary, or reasonable expenses as they were not expenses incurred by Wells Fargo.

### *Wells Fargo's Systemic Failure to Accurately Disclose Redemption Period*

49.     Excluding the Yertys' repossessed vehicle, Wells transported all other Plaintiffs' and class members' vehicles to the Manheim Auction or another auction prior to the expiration of the expiration of fifteen (15) days from the date of the Notice of Repossession, the minimum redemption period as proscribed according to 12 Pa. C.S. §6259(a).

50.     The Notice of Repossession sent or caused to be sent to the Plaintiffs and class members also failed to properly inform them that they had the absolute right to redeem their vehicle up until the date of the sale pursuant to 13 Pa. C.S. §9623. The Notice instead improperly limited the amount of time to redeem.

51.     In this regard, the Notices of Repossession stated:

10

**B. To Redeem the Vehicle Pay the amount shown below as the "Redemption Amount Total Due" within 15 days of the date of this Notice.**

### *Wells Fargo's Systemic Failure to Accurately Disclose Right to Redemption and Reinstatement*

52.     The Notice of Repossession sent to all class members was unreasonably confusing for the following reasons:

    (a) It included conflicting statements that the borrower could get the vehicles back "by paying us the full amount you owe (not just the past due payments), including our expenses permitted by law," and later stating that the borrower can get their vehicle back by either paying the full amount owed **or** by paying the past due payments; and/or,

    (b) It uses the terms reinstate and redeem interchangeably and/or appears to include "redeem" within the scope of "reinstate," when these are separate terms and processes. In this regard, the notice states:

> **You may reinstate your Contract/Security Agreement. To get the vehicle back, follow instructions in *either* Sections A [Notice of Right to Reinstate] or B [To Redeem the Vehicle].**

### *Wells Fargo's Systemic Post-Sale Notices Deficiencies*

53.     Wells Fargo sent a Post-Sale Notice to Solomon-Robinson on or about December 24, 2017 (**Exhibit 3**) and Vincent Sorace on or about July 24, 2014 (**Exhibit 4**), but it did not mail the Post-Sale Notice by registered or certified mail in violation of 12 Pa.C.S.A.§6261(d)(the "installment seller or holder **shall** deliver in person or send by registered or certified mail to the last known address of the buyer a deficiency notice…").

54.     As a matter of policy and practice, at all relevant times, Wells Fargo did not send a Post-Sale Notice to the Representative Plaintiffs by registered or certified mail (excluding Joseph and Tammy Yerty who reinstated their loan) or the Post-Sale.

11

55.     In addition, Wells Fargo failed to send a separately addressed Post-Sale Notice to co-obligors, in violation of 13 Pa.C.S. §9616, despite the fact that Wells Fargo held each of them liable for any deficiency balance arising from the sale of the repossessed vehicle.

### *Wells' Systemic Use of Unlicensed Repossession Brokers*

56.     Wells Fargo contracted with Victory Recovery Services, Inc. ("Victory") of 4657 Thompson Mill Rd., Buford, GA 30518 to arrange for the repossession of the Yerty's vehicle.

57.     Victory is a company incorporated in Georgia that is neither registered to conduct business in Pennsylvania nor licensed as a repossession broker in the Commonwealth.

58.     Victory sub-contracted with a local repossessor, A1 Recovery and Towing ("A1 Recovery") of 6514 Route US 15N, Selinsgrove, PA 17870 to perform the repossession of the Yertys' vehicle.

59.     The Yerty's travelled to A1 Recovery to reinstate their loan.

60.     The Yertys reinstated their loan in order to get their vehicle back.

61.     Defendant failed to inform the Yertys in their Notice of Repossession that they would be charged a Storage Fee, Reinstatement Fee (a/k/a "cure fee"), and Personal Property Fee in connection with the Reinstatement of their loan.

62.     Wells Fargo had an undisclosed arrangement with Victory and other repossession brokers and repossessors in Pennsylvania to permit them and/or its/their subcontractors to assess its borrowers (the Plaintiffs and the putative class) these fees in connection with Reinstatements and/or Redemptions and/or the retrieval of their personal possessions left in the repossessed vehicle.

12

## VII.   GOVERNING LAW

### The UCC and MVSFA must be read *in pari materia*

63.      Repossessors of vehicles, such as Wells Fargo, are required to comply with both the UCC and MVSFA, 12 Pa.C.S.A. §6201, *et seq*., which must be applied in *pari materia*. *Industrial Valley Bank & Trust Co. v. Nash*, 349 Pa. Super. 27, 502 A.2d 1254 (1985); *Coy v. Ford Motor Credit Co.*, 422 Pa. Super. 76, 79, 618 A.2d 1024, 1025 (1993); *Cosgrove v. Citizens Auto. Finance, Inc.*, 2011 WL 3740809 at *1 (E.D. Pa. 2011); *Whiteman v. Degnan Chevrolet, Inc.*, 217 Pa. Super 424, 272 A.2d 244 (1970); *McCall v. Drive Financial Services, L.P., et al.*, January Term, 5 (2009).

64.      "Statutes or parts of statutes are in *pari materia* when they relate to the same persons or things or to the same class of persons or things." 1 Pa. C.S. §1932(a). "Statutes in *pari materia* shall be construed together, if possible, as one statute." 1 Pa. C.S. §1932(b).

65.      Both the UCC and MVSFA set forth notice requirements for secured parties who repossess other than by legal process. Therefore, these statutes clearly relate to the same persons or things and/or to the same class of persons or things, debtors whose vehicles were repossessed outside the judicial process.

66.      Further, Comment 9 to 13 Pa.C.S.A.§9620 states:

> **Applicability of Other Law.** This section does not purport to regulate all aspects of the transaction by which a secured party may become the owner of collateral previously owned by the debtor. For example, a secured party's acceptance of a motor vehicle in satisfaction of secured obligations may require compliance with the applicable motor vehicle certificate-of-title law. State legislatures should conform those laws so that they mesh well with this section and Section 9-610, and courts should construe those laws and this section harmoniously. A secured party's acceptance of collateral in the possession of the debtor also may implicate statutes dealing with a seller's retention of possession of goods sold.

13

67.     Comment 9 specifically directs courts to construe UCC provisions "harmoniously," i.e. in *pari materia*, with other laws that regulate secured transactions. The MVSFA is such a law.

## VIII.   STATUTORY VIOLATIONS

### A. Notices of Repossession

68.     In the course of the repossession and disposition process, Wells Fargo had a statutory obligation to provide a "reasonable authenticated notification of disposition" (i.e. "Notice of Repossession") of the collateral, containing important mandatory information about the repossession and intended disposition of the vehicle. 13 Pa.C.S.A. §9611, §9614, and 12 Pa.C.S.A. §6254.

69.     The Notices of Repossession sent to Plaintiffs and class members by Wells Fargo violated the UCC, independently, and the UCC and MVSFA in *pari materia* by:

(i)    Failing to state that the borrower had the absolute right to redeem the vehicle up until the date of the sale, in violation of 13 Pa.C.S.A.§9623;

(ii)   Including conflicting statements that the borrower could get the vehicles back "by paying us the full amount you owe (not just the past due payments), including our expenses permitted by law," and also stating that the borrowers can get their vehicles back by either paying the full amount owed **or** by paying the past due payments. These conflicting statements are especially confusing to typical consumers such as Plaintiffs and class members. This was a violation of 12 Pa.C.S. §6254(c)(1) requiring an itemized statement of the amount required to redeem or reinstate and 13 Pa.C.S. §9614(1)(ii) requiring a description of liability;

(iii)  Using the terms reinstate and redeem interchangeably. These terms are not synonymous. The UCC states that a Redemption is "fulfillment of all obligations secured by the collateral, and the reasonable expenses and attorney fees..." 13 Pa.C.S. 9623. "Reinstatement" is to restore to the previous position (*see e.g.* Black's Law Dictionary), and in this situation, means restoring the loan back to good standing by payment of all late payments, interest, and expenses.

(iv)   Failing to state all expenses and/or fees that a borrower who reinstated their loan or redeemed their vehicle or retrieved their personal property would be required to pay. As a result, the required amounts for redemption and reinstatement listed in the Notice of Repossession were inaccurate, in violation of 12

14

Pa.C.S.A.§6254(c)(2), 13 Pa.C.S. §9613 (as incorporated into §9614), and 13
Pa.C.S. §9614);[2]

(v)     Failing to accurately state the method of intended disposition and failure to state
the time and place of the public disposition of the repossessed vehicle in violation
of 13 Pa.C.S.A.§9614(1)(i)) (which incorporates 13 Pa.C.S.A.§9613(1)(v)).

70.     Because of these defects, the Notices of Repossession violated the UCC,
independently, by violating §9611, §9613, §9614, and §9623 and the UCC and MVSFA in *pari
materia* by violating 12 Pa.C.S.A.§6254(c)(2) and (6).

## B.  Undisclosed and/or Unincurred Fees

71.     As a matter of uniform practice, all Class Members who reinstated or redeemed
their vehicles were charged undisclosed fees, including a Storage Fee, a Redemption Fee, a
Reinstatement Fee, an Administrative Fee, and/or a Personal Property Fee, as a further
precondition to the recovery of their vehicle and/or the personal belongings left in the vehicle.

72.     These were improper fees (not expenses incurred by Well Fargo) which were not
disclosed in the Notice of Repossession nor permitted by statute.

73.     These fees do not constitute "the reasonable <u>expenses</u> of retaking, holding, preparing
for disposition, processing and disposing" of the collateral incurred by the Bank, as required by 13
Pa.C.S. §9615(a)(1). 13 Pa.C.S. §9623(b)(2) allows a debtor to redeem his vehicle by tendering,
*inter alia*, the reasonable expenses and attorney fees described in Pa.C.S. §9615(a)(1). The above
expenses were not "reasonable" as they were, as a matter of course, never incurred by Wells Fargo.
The collection of such amounts from Class Members as a condition of recovering their vehicles or a

---

[2] "[S]ections 9613 and 9614 of the UCC ... provide that, in a consumer goods transaction, before a secured party may
dispose of or sell the collateral following a debtor's default, the secured party must send the debtor a notice, setting
forth ... (4) the amount that must be paid to the secured party to redeem the collateral." *Cubler v. Trumark*, 83 A.3d
235 (Pa. Super. 2013), fn. 1.

15

precondition to regaining access to their personal possessions was a violation of both 13 Pa.C.S.
§9615(a)(1) and 13 Pa.C.S. §9623(b)(2).

74.    These fees were not actual, necessary and reasonable expenses, as required by 12
Pa.C.S. §6256(2).

75.    As a matter of a standardized policy and practice, while Wells Fargo did not directly
charge these fees, it had <u>actual</u> knowledge that these illegal fees (not expenses) were being assessed
by third parties. It authorized third parties to assess these fees to its borrowers and facilitated the
collection of these fees.

76.    This deceptive and unfair practice had the effect of imposing a non-consensual lien
on the personal property owned by Class Members which neither Wells Fargo nor any third party
had a right to assert.

### C. Post-Sale Notice

77.    For Plaintiffs and Class Members who were sent a Post-Sale Notice any time after
December 1, 2014,[3] the MVSFA requires that within 30 days after the sale of a repossessed vehicle,
the "installment seller or holder <u>shall</u> deliver in person or send by registered or certified mail to the
last known address of the buyer a deficiency notice…" 12 Pa.C.S.A.§6261(d).

78.    As a matter of policy and practice of non-compliance, Wells Fargo did not send the
Post-Sale Notices by registered or certified mail.

79.    Wells Fargo also failed to send a separately addressed Post-Sale Notice to each co-
borrower by registered or certified mail, as was required.

---

[3] Effective December 1, 2014, the MVSFA was recodified at 12 Pa.C.S.A. §6201, *et seq.*, in part setting forth the new
requirement that Post-Sale Notices be sent in person or by registered or certified mail.

### D.  Commercial Unreasonableness/Violation of Good Faith

#### 1.  Standard

80.     There are two overarching principles that must guide a secured creditor's conduct in foreclosing on a vehicle loan and repossessing and selling a financed vehicle. First, all aspects of its conduct must be "commercially reasonable," as required by Section 9610(b).  Section §9610(b) of the UCC requires that *all aspects* of the sale of a repossessed vehicle must be commercially reasonable. It further expressly prohibits the sale of the collateral if the sale is not commercially reasonable. The statute states, in relevant part, as follows:

> (b)     Commercially reasonable disposition – *Every* aspect of a disposition of collateral, including the method, manner, time, place and other terms, *must be* commercially reasonable. **[*Only*]** *If* commercially reasonable, a secured party may dispose of collateral by **public** or **private** proceedings. …
> (Emphasis added).

81.     Second, regardless of whether there is ultimately a reinstatement of the loan or a redemption or sale of the repossessed vehicle, a secured creditor must fulfill its Obligation of Good Faith to conduct itself honestly and observe reasonable commercial standards of fair dealing.  *See*, 13 Pa. C.S §1201 and §1304.

#### 2.  Wells Fargo Acted Commercially Unreasonably and in Violation of Its Obligation of Good Faith

82.     The actions and omissions by Wells Fargo averred above are commercially unreasonable in violation of 13 Pa.C.S.A.§9610(b) and/or are a violation of Wells Fargo's Obligation of Good Faith that it owes to Plaintiffs and class members.

83.     Wells Fargo violated the Pennsylvania UCC as described herein, independently and in *pari materia* with the MVSFA, with regard to, *inter alia*, its Obligation of Good Faith

17

and to proceed in a commercially reasonable manner, both of which are implied statutory duties in those statutory schemes.

84.    Wells Fargo also acted commercially unreasonably and in violation of its Obligation of Good Faith by hiring Collector-Repossessors who were not licensed in Pennsylvania.

85.    Victory Recovery Services, Inc. of 4657 Thompson Mill Rd., Buford, GA 30518, a company incorporated in Georgia, is neither registered to conduct business in Pennsylvania nor is a licensed as a Collector-Repossessor in the Commonwealth.

86.    Collector-Repossessors are required to be licensed in Pennsylvania when acting in the capacity of principal, employee, agent, or broker. 12 Pa. C.S. §6211.

87.    Wells Fargo knew or should have reasonably known that Victory was not licensed as a Collector-Repossessor in Pennsylvania and failed to take reasonable commercial steps to ascertain this information on behalf of Victory and other Collector-Repossessors it retains to perform or broker repossessions in Pennsylvania.

## IX.   DAMAGES

88.    13 Pa. C.S.A. §9625(c)(2) allows consumer debtors such as Plaintiffs (and members of the putative class) to recover statutory damages of not less than the credit service charge (finance charge) plus 10% of the principal amount of the obligation (amount financed) because Wells Fargo "failed to comply with this chapter." These figures are readily determinable simply by a review of the Schumer Box of each Class Members' retail installment sales contract.

89.    The Official Comments to the UCC are entitled to great weight under Pennsylvania law.

90.     Comment 4 to Section 9625 makes clear that these minimum statutory damages are intended to establish a secured party's liability for violations of, *inter alia*, the notice provisions in consumer goods transactions, and ***do not require any actual damages*** in order for a consumer to bring a claim for statutory damages. That Comment states in pertinent part:

> 4.    **Minimum Damages in Consumer-Goods Transactions.**
> Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, ***regardless of any injury that may have resulted***. Official Comment to §9625(c)(2).

91.     Plaintiffs and Class Members seek minimum statutory damages pursuant to 13 Pa. C.S.A. §9625(c)(2).

92.     Plaintiffs and the Post-Sale Notice Class Members also seek damages under Section 9625(e)(5) which provides for $500 in statutory damages for each Post-Sale Notice violation, to each debtor/co-obligor separately.

## X. CLASS ACTION ALLEGATIONS

93.     Plaintiffs bring this action on their own behalf and on behalf of a class designated pursuant to Pa.R.Civ.P. Rule 1701 *et. seq.*

94.     Plaintiffs propose to define a class (hereafter "Notice of Repossession Class") as: All debtors, borrowers, and obligors:

    (i)    Who entered into a retail installment sales contract for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use; and,

    (ii)    From whom Wells Fargo, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed; and,

    (iii)    To whom Wells Fargo sent a Notice of Repossession to a Pennsylvania address at any time on or between six years prior to the

19

filing of this complaint through the date of class certification, which was based on the same or substantively similar form as **Exhibit 1** or **2**.

95.    Plaintiffs propose to define a second class (hereafter "Public Auction Class") as: All debtors, borrowers, and obligors:

(i)     who entered into a retail installment sales contract for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use;

(ii)    from whom Wells Fargo, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(ii)    to whom Wells Fargo sent a Notice of Repossession to a Pennsylvania address, according to Wells Fargo's business records, at any time on or between six years prior to the filing of this Complaint through the date of class certification;

(iii)   which stated that the repossessed vehicle would be sold at a private sale; and,

(iv)    whose repossessed Motor Vehicle was offered for sale at the Manheim Ohio Auto Auction at a sale at which members of the general public were invited to attend or was advertised to the general public.

96.    Plaintiffs propose to define a third class (hereafter "Hidden Fees Class") as: All borrowers, debtors, and obligors:

(i)     Who entered into a retail installment sales contract for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use;

(ii)    from whom Wells Fargo, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(iii)   whose Motor Vehicle was repossessed by a Collector-Repossessor who had an agreement with Wells Fargo or with Wells Fargo's repossession broker that authorized the assessment of a Storage Fee, a Redemption Fee, a Reinstatement Fee, an Administrative Fee, and/or a Personal Property Fee;

20

(iv)   to whom Wells Fargo sent or caused to be sent a Notice of Repossession to a Pennsylvania address at any time on or between six years prior to the filing of this Complaint through the date of class certification.

97.   Plaintiffs propose to define a fourth class (hereafter "Unlicensed Repossession Class") as:

All debtors, borrowers, and obligors:

(i)   Who entered into a retail installment sales contract for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use;

(ii)   from whom Wells Fargo, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(iii)   who at any time on or between six years prior to the filing of this Complaint through the date of class certification had their Motor Vehicle repossessed in Pennsylvania by, or whose repossession in Pennsylvania was brokered by, a third party who, at the time of the repossession, did not hold a Collector-Repossessor license with the Department of Banking and Securities of the Commonwealth of Pennsylvania.

98.   Plaintiffs propose to define a fifth class (hereafter "Post-Sale Notice Class") as: All debtors borrowers, and obligors:

(i)   who entered into a retail installment sales contract for the financing of the purchase of a Motor vehicle primarily used for personal, family or household use;

(ii)   whose Motor Vehicle was repossessed by Wells Fargo;

(iii)   whose motor vehicle was sold by Wells Fargo;

(iv)   whose mailing address and/or whose co-obligor's mailing address at the time of the sale of the vehicle, according to Wells Fargo's business records, was/were in Pennsylvania; and,

(v)   to whose co-obligor on the loan Wells Fargo did not mail a separately addressed Post-Sale Notice after the sale of the Motor Vehicle at any time on or between six years prior to the filing of this Complaint through the date of class certification; or,

21

(vi)    to whom Wells Fargo did not sent a Post-Sale Notice by registered or certified mail at any time on or after December 1, 2014 through the date of class certification.

### Class Requirements

99.    The size of each of the classes described in this pleading are so numerous that joinder of all members is impractical.

100.    The classes and any trial would be readily manageable as the claims relate to standardized policies and practices and notices based on standard forms.

101.    There are questions of law and fact common to the class, which predominate. These include but are not limited to the following questions:

    (a)    Whether Plaintiffs and the Class obtained Motor Vehicle financing through Wells Fargo and pledged their vehicle as collateral;

    (b)    Whether Wells Fargo or its agents repossessed the financed vehicle or ordered it to be repossessed;

    (c)    Whether Wells Fargo retained unlicensed Collector/Repossessors to broker or facilitate the repossessions of any Class Members and, if such an act violates the UCC and/or the UCC and MVSFA in *pari materia*; and,

    (d)    Whether Wells Fargo sent a Notice of Repossession or Post-Sale Notice within six years prior to the filing of the original complaint.

102.    The Representative Plaintiffs' claims are typical of those of the class. All are based on the same factual and legal theories. All class members financed the purchase of vehicles through Wells Fargo and pledged their vehicle as collateral or had a consumer vehicle instalment sales contract that was assigned to Wells Fargo.

103.    Wells Fargo declared a default on all loans of all Plaintiffs and Class Members.

22

104.   The Notices of Repossession sent to the Plaintiffs are based on the same or substantively similar form as, and/or has the same statutory defects, as the notices that Wells Fargo sent to the members of the Notice of Repossession Class and Public Auction Class.

105.   Both the Yerty Plaintiffs and the class members in the Unlicensed Repossession Class had their vehicles repossessed in Pennsylvania by unlicensed party(ies).

106.   The Post-Sale Notice sent to the Post-Sale Notice Class were not sent by registered or certified mail.

107.   Plaintiffs will fairly and adequately represent and protect the interests of the classes.

108.   The Plaintiffs are represented by counsel that is competent and experienced in both consumer protection and class action litigation.

109.   Plaintiffs have no conflict with class members in the maintenance of this action, and their claims are identical to or at least typical of claims of the Class Members.

110.   A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable.  This class action represents the fairest and most efficient method of adjudicating this controversy.

111.   Because most class members either do not know that their rights have been violated, could not economically justify the effort and expense required to litigate their individual claims or have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation, a class action is the most practical proceeding in which they can recover.

112.   Plaintiffs and the Class Members have substantive claims that are similar, if not identical, in all material respects and will require proof of the same kind and application of the same law.

23

113.    Wells Fargo has acted or refused to act on grounds generally applicable to the (putative) classes, thereby making appropriate final relief with respect to the classes.

114.    There are no unusual legal or factual issues which would cause case management problems not normally and routinely handled in class actions.

115.    Minimum statutory damages can be calculated easily and with mathematical precision and can be easily determined, *inter alia,* by accessing the electronically stored records of Wells Fargo.

116.    Plaintiffs seek no double recovery for any claim.

117.    The questions of law and fact common to the classes predominate over any questions affecting only individual members.

118.    The prosecution of several separate actions by the members of the classes would create a risk of inconsistent or varying adjudications. A class action will serve the goals of judicial economy and ensure uniformity of decision.

## XI. <u>CLAIMS</u>

### <u>COUNT 1</u>

**(NOTICE OF REPOSSESSION CLASS,PUBLIC AUCTION CLASS, HIDDEN FEES CLASS, AND UNLICENSED REPOSSESSION CLASS)**

119.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

### A.    UCC ONLY

120.    Wells Fargo systematically sent Notices of Repossession which misstated the method of intended disposition of the repossessed vehicles, stating that the Motor Vehicle would be sold at a private sale but actually selling the vehicle at a public auction. This was a violation of 13 Pa.C.S.A.

24

§9611and of §9614(1)(i) (which incorporates the intended method of disposition requirement of 13 Pa.C.S.A.§9613(1)(iii) for consumer sales).

121.    Wells Fargo systematically sent Notices of Repossession that failed to state the time and place of the public sale. This was in violation of 13 Pa.C.S.A. §9614(1)(i) (which incorporates the time and place of public disposition requirement of 13 Pa.C.S.A.§9613(1)(v) for consumer sales).

122.    Wells Fargo systematically sent Notices of Repossession that failed to state that the Plaintiffs and class members had the right to redeem the vehicle up until the date of sale.  This was a violation of 13 Pa.C.S.A. §9623.

123.    Wells Fargo systematically sent Notices of Repossession that failed to state the amount that must be paid to redeem the repossessed vehicle, in violation of 13 Pa.C.S. §9613 and 9614 (per *Cubler*, supra, fn. 1).

## B.     UCC AND MVSFA IN *PARI MATERIA*

124.    The MVSFA, specifically 12 Pa. C.S.A. §6254 and/or 69 P.S. §623(D), sets forth minimum statutory standards which set forth the minimum commercial reasonable standards as described in the UCC.

125.    Wells Fargo violated the UCC and MVSFA in *pari materia* by failing to list Repossession Fees, Reinstatement Fees, Administrative Fees, Storage Fees, and/or Personal Property Fees that would have been charged as a precondition to reinstatement, redemption, or retrieval of personal property, causing the reinstatement amount and redemption amount in the notice to be inaccurate, in violation of 12 Pa. C.S.A. §§6254(c)(2).

25

## C.   COMMERCIAL UNREASONABLENESS/VIOLATION OF OBLIGATION OF GOOD FAITH

126.    Wells Fargo systematically acted in a commercially unreasonable manner in violation of 13 Pa.C.S.A. §9610(b) and failed to comply with its Obligation of Good Faith pursuant to 13 Pa. C.S.A. §1304, in its servicing of the class members' consumer retail installment loans, its attendant duties and statutory obligations relating thereto, including but not limited to the following acts:

a.  Failing to ensure that its Notices of Repossession complied with the statutory requirements for secured loans as set forth in the UCC and MVSFA;

b.  Failing to accurately state the intended method of disposition, in the Notices of Repossession;

c.  Failing to give notice of the date and time of a public sale of the repossessed vehicle;

d.  Failing to state in the Notices of Repossession that the borrower had the absolute right to redeem the vehicle up until the date of the sale;

e.  Including conflicting statements in the Notices of Repossession that the borrower could get the vehicles back "by paying us the full amount you owe (not just the past due payments), including our expenses permitted by law," and also stating that the borrowers can get their vehicles back by either paying the full amount owed __or__ by paying the past due payments, and/or using the terms reinstate and redeem interchangeably. These conflicting statements are confusing to typical consumers such as Plaintiffs and class members;

f.  Failing to list in the Notices of Repossession all expenses and/or fees that a borrower who wished to reinstate their loan or redeem their vehicle or retrieve their personal property would be required to pay;

g.  Stating inaccurate amounts required to redeem and/or amounts required to reinstate in its Notices of Repossession;

h.  Charging, (or in the alternative having an agreement with a third party permitting it to charge, or in the alternative consenting to a third party charging), a Storage Fee, a Redemption Fee, a Reinstatement Fee, an

26

Administrative Fee, and/or a Personal Property Fee, as a further precondition to the recovery of their vehicles and belongings, in violation of 13 Pa.C.S. §§9623(b)(2), 9615(a)(1), and 12 Pa.C.S. 6256(2); and/or,

i. Hiring unlicensed Collector-Repossessors to repossess, or broker the repossession, of Plaintiffs' and class members' vehicles.

## COUNT 2
### (POST-SALE NOTICE CLASS)

127. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein. As a matter of pattern and practice of non-compliance, on or after December 1, 2014,[3] Wells Fargo failed to send Post-Sale Notices via registered or certified mail in violation of 12 Pa.C.S. §6261(d), and failed to send separately addressed Post-Sale Notices to co-borrowers, in violation of 13 Pa.C.S. 9616.

128. All of the above-averred actions and omissions were commercially unreasonable in violation of 13 Pa. C.S. §9610(b) and were a violation of Wells Fargo's Obligation of Good Faith under 13 Pa. C.S. §9610(b).

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that this Honorable Court:

A. Certify the requested classes and appoint the undersigned as class counsel;

B. Monetary Damages

1. Award minimum statutory damages as provided by 13 Pa. C.S. §9625(c)(2) to each member of the Notice of Repossession Class, Unlicensed Repossession Class, Hidden Fees Class, and Public Auction Classes; and,

2. Award $500.00 plus minimum statutory damages to each member of the Post-Sale Notice Class;

C. Grant such other and further relief as may be deemed just and proper.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
*Attorney for Plaintiffs*

27

**Wells Fargo Bank, N.A.**
**DBA Wells Fargo Dealer Services E2578-021**
**P.O. Box 3599, Rancho Cucamonga, CA 91729**
(Name and address of secured party)

**07/24/2014**
(Date)

## Notice of Our Plan to Sell Property (Consumer Goods)

Name:    VINCENT SORACE

(Name and address of any obligor who is also a debtor)

Address:    233 MONKEY WRENCH RD

GREENSBURG, PA 15601

Subject:    7850214397

(Identification of transaction)

We have your 2009 FORD TRUCK EXPLORER-V6 1FMEU74E39UA01105, because you broke promises in our agreement.

☐ **Public disposition:**
We will sell ____ at a public sale. A sale could include a lease or license. The sale will be held as follows:
Day and Date: _____
Time: _____
Place: _____
You may attend the sale and bring bidders if you want.

☒ **Private disposition:**
We will sell 2009 FORD TRUCK EXPLORER-V6 1FMEU74E39UA01105 at a private sale sometime after 08/08/2014. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses permitted by law. To learn the exact amount you must pay, call us at 1-888-937-9992.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-888-937-9992 (or write us at Wells Fargo Dealer Services E2578-021, P.O. Box 3599, Rancho Cucamonga, CA 91729) and request a written explanation.

If you need more information about the sale, call us at 1-888-937-9992 or write us at Wells Fargo Dealer Services E2578-021, P.O. Box 3599, Rancho Cucamonga, CA 91729.

We are sending this notice to the following other people who have an interest in 2009 FORD TRUCK EXPLORER-V6 1FMEU74E39UA01105 or who owe money under your agreement:

N/A

(Names of all other debtors and obligors, if any)

You may have additional rights under the law. Please read the enclosed NOTICE OF REPOSSESSION for a description of these additional rights.

NOTICE: If you are entitled to protection under the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this notice, the following applies to you: This communication is made for informational purposes only and we will not attempt to collect, assess or recover a claim in violation of the Bankruptcy Code.



EXHIBIT

Case ID: C00700334

Wells Fargo Dealer Services


WELLS FARGO

Date of Contract/Security Agreement   04/26/2012
Account No.   7850214397

# Notice of Repossession

| Customer Name/Address | Account Number 7850214397 | Date of Repossession 07/22/2014 |
| --- | --- | --- |
| VINCENT SORACE 233 MONKEY WRENCH RD GREENSBURG, PA 15601 | Date of Contract 04/26/2012 | Date of Notice and Mailing 07/24/2014 |

DESCRIPTION OF VEHICLE

| Co-Buyer/Guarantor Name/Address | Year 2009 | Make FORD | X | New |
| --- | --- | --- | --- | --- |
| | | | | Used |
| | Vehicle Identification Number 1FMEU74E39UA01105 | | | |
| | Model TRUCK EXPLORER-V6 | Body Type. N/A | | |

[X] WE HAVE REPOSSESSED YOUR PROPERTY  [ ] YOU HAVE VOLUNTARILY TURNED IN YOUR PROPERTY TO US

You are hereby notified that pursuant to the terms and provisions of your Contract/Security Agreement, your vehicle was repossessed on 07/22/2014 and will be offered for sale as described below. As of the date of this notice, your vehicle is located and being stored at Manheim Ohio Auto Auction, 3905 Jackson Pike, Grove City OH 43123.

## HOW TO GET YOUR PROPERTY BACK

YOU MAY REDEEM THE COLLATERAL AT ANY TIME BEFORE IT IS ACTUALLY SOLD. You may also have the right to reinstate your Contract/Security Agreement under some circumstances. If you redeem the vehicle, we have no further claim to it. You may redeem the collateral by paying the unpaid account balance plus any accrued interest and the cost of repossession. The cost of repossession includes expenses reasonably incurred by us in retaking, holding, and preparing the collateral for disposition, as provided for in the Contract/Security Agreement (as applicable), and as permitted by state law. This amount is shown below as "Repossession Charges." The amount you must pay to redeem the vehicle is shown below as "Redemption Amount Total Due (C)."

[X] You may reinstate your Contract/Security Agreement. To get the vehicle back, follow instructions in either Section A or B.

[ ] You may not reinstate your Contract/Security Agreement. To get your vehicle back, follow the instructions in Section B.

| A. Notice of Right to Reinstate | B. To Redeem the Vehicle | | |
| --- | --- | --- | --- |
| To recover the vehicle and reinstate the contract, you must do the following within 15 days of the date of this Notice. | Pay the amount shown below as the **"Redemption Amount Total Due"** within 15 days of the date of this Notice: | | |
| 1. Make payment of all past due installments so that you are current on the Contract/Security Agreement   $   1,322.95 | Outstanding Balance as of the date of this Notice   $   10,832.80 | | |
| 2. Pay any late charges due   $   0.00 | Accrued Delinquency and Collection Charges   $   48.05 | | |
| 3. Pay any default charges due   $   48.05 | Costs of Repossession   $   350.00 | | |
| 4. Pay the costs of repossession (estimated) .   $   350.00 | Total Costs and Charges (A)   $   11,230.85 | | |
| 5. Pay any other costs incurred (estimated)   $   0.00 | Less Estimated Unearned Finance Charge   ($   0.00) | | |
| Reinstatement Amount Total Due*   $   1,721.00 | Less Estimated Refund on Canceled Collateral Protection Insurance   ($   0.00) | | |
| | Total Refund (B)   ($   0.00) | | |
| * As of the date of this Notice, plus finance charges and expenses incurred and less moneys received after the date of this Notice. | Redemption Amount Total Due* (C) [A - B = C]   $   11,230.85 | | |

[X] (Box is checked if applicable.) Additional Finance Charge or interest charge of $ 3.46 per day continues to accrue in addition to the amount shown above, for each day after the date of this Notice up to and including the date on which you get the vehicle back, and must be paid in addition to the Total Due to Reinstate or to Redeem shown above in order to Reinstate or Redeem.

The longer you wait, the more you may have to pay to get the vehicle back. Additional charges and expenses you may be responsible to pay may continue to accrue in addition to the costs of repossession shown above, for each day after the date of this Notice, up to and including the date on which you get the vehicle back or we sell it. These additional charges and expenses may include late payment fees, the reasonable expenses of retaking, holding, preparing for sale and selling the property, and reasonable attorneys' fees and legal expenses, as permitted by law. You will have to pay these expenses in addition to the Total Due to Reinstate or to Redeem shown above, as applicable, in order to get your vehicle back before we sell it. If you do not get the vehicle back before we sell it, we will add the additional expenses to the amount you owe, as permitted by law.

Please call us at 1-888-937-9992 or write us at Wells Fargo Bank, N.A. DBA Wells Fargo Dealer Services E2578-021, P.O. Box 3599, Rancho Cucamonga, CA 91729, to discuss reinstatement and/or redemption.

Case ID: 200700334

## NOTICE OF PERSONAL PROPERTY

Any personal property left in the repossessed motor vehicle will be held for thirty (30) days from the date of the mailing of this notice. You may reclaim the personal property during this thirty (30) day period. Thereafter, the personal property may be disposed of in the same manner as the motor vehicle and other collateral.

By:   Wells Fargo Dealer Services

      Telephone:   1-888-937-9992

Wells Fargo Dealer Services E2578-021
P.O. Box 3599, Rancho Cucamonga, CA 91729
(Address where payment should be mailed to redeem)
3905 Jackson Pike
Grove City OH 43123
(Address where repossessed property will be delivered upon such redemption / reinstatement.)

Case ID: 200700334

**Wells Fargo Bank, N.A.**
**DBA Wells Fargo Dealer Services E2578-021**
**P.O. Box 3599, Rancho Cucamonga, CA 91729**
(Name and address of secured party)

11/07/2017
(Date)

## Notice of Our Plan to Sell Property (Consumer Goods)

Name:        KIMBERLY J SOLOMON-ROBINSON
                          (Name and address of any obligor who is also a debtor)
Address:     2164 SAMPSON STREET
                   PITTSBURGH, PA 15235
Subject:     3010044006
                          (Identification of transaction)

We have your 2011 KIA SOUL-4 CYL, KNDJT2A25B7237066, because you broke promises in our agreement.

☐ **Public disposition:**
We will sell _____ at a public sale. A sale could include a lease or license. The sale will be held as follows:
Day and Date: _____
Time: _____
Place: _____
You may attend the sale and bring bidders if you want.

☒ **Private disposition:**
We will sell 2011 KIA SOUL-4 CYL, KNDJT2A25B7237066 at a private sale sometime after 11/22/2017. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses permitted by law. To learn the exact amount you must pay, call us at 1-888-937-9992, Monday – Thursday, 6:00 a.m. – 5:00 p.m. and Friday, 6:00 a.m. – 4:00 p.m. Pacific Time. We accept telecommunications relay service calls.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 1-888-937-9992 or write us at Wells Fargo Dealer Services E2578-021, PO Box 3599, Rancho Cucamonga, CA 91729) and request a written explanation.

If you need more information about the sale, call us at 1-888-937-9992 or write us at Wells Fargo Dealer Services E2578-021, PO Box 3599, Rancho Cucamonga, CA 91729.

We are sending this notice to the following other people who have an interest in 2011 KIA SOUL-4 CYL KNDJT2A25B7237066 or who owe money under your agreement:

N/A

                          (Names of all other debtors and obligors, if any)

**You may have additional rights under the law. Please read the enclosed NOTICE OF REPOSSESSION for a description of these additional rights.**

**NOTICE: If you are entitled to protection under the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this notice, the following applies to you: This communication is made for informational purposes only and we will not attempt to collect, assess or recover a claim in violation of the Bankruptcy Code.**

**EXHIBIT**

2

Wells Fargo Dealer Services


WELLS FARGO

Date of Contract/Security Agreement   03/30/2016
Account No.   3010044006

## Notice of Repossession

| Customer Name/Address | | | |
|---|---|---|---|
| KIMBERLY J SOLOMON-ROBINSON<br>2164 SAMPSON STREET<br>PITTSBURGH, PA 15235 | Account Number<br>3010044006 | | Date of Repossession<br>11/03/2017 |
| | Date of Contract<br>03/30/2016 | | Date of Notice and Mailing<br>11/07/2017 |
| Co-Buyer/Guarantor Name/Address | DESCRIPTION OF VEHICLE | | |
| | Year<br>2011 | Make<br>KIA | New   X   Used |
| | Vehicle Identification Number<br>KNDJT2A85B7237066 | | |
| | Model<br>SOUL-4 CYL. | | Body Type<br>N/A |

[X]  WE HAVE REPOSSESSED YOUR PROPERTY.   [ ]  YOU HAVE VOLUNTARILY TURNED IN YOUR PROPERTY TO US

You are hereby notified that pursuant to the terms and provisions of your Contract/Security Agreement, your vehicle was repossessed on 11/03/2017 and will be offered for sale as described below. As of the date of this notice, your vehicle is located and being stored at Manheim Ohio Auto Auction, 3905 Jackson Pike, Grove City OH 43123.

### HOW TO GET YOUR PROPERTY BACK

YOU MAY REDEEM THE COLLATERAL AT ANY TIME BEFORE IT IS ACTUALLY SOLD. You may also have the right to reinstate your Contract/Security Agreement under some circumstances. If you redeem the vehicle, we have no further claim to it. You may redeem the collateral by paying the unpaid account balance plus any accrued interest and the cost of repossession. The cost of repossession includes expenses reasonably incurred by us in retaking, holding, and preparing the collateral for disposition, as provided for in the Contract/Security Agreement (as applicable), and as permitted by state law. This amount is shown below as "Repossession Charges." The amount you must pay to redeem the vehicle is shown below as "Redemption Amount Total Due (C)."

[X]  You may reinstate your Contract/Security Agreement. To get the vehicle back, follow instructions in either Section A or B.

[ ]  You may not reinstate your Contract/Security Agreement. To get your vehicle back, follow the instructions in Section B.

| A. | Notice of Right to Reinstate | | B. | To Redeem the Vehicle | |
|---|---|---|---|---|---|
| | To reinstate the vehicle and reinstate the contract, you must do the following within 15 days of the date of this Notice: | | | Pay the amount shown below as the "Redemption Amount Total Due" within 15 days of the date of this Notice: | |
| 1. | Make payment of all past due installments so that you are current on the Contract/Security Agreement | $ 1,305.20 | | Outstanding Balance as of the date of this Notice | $ 11,269.27 |
| 2. | Pay any late charges due | $ 0.00 | | Accrued Delinquency and Collection Charges | $ 20.88 |
| 3. | Pay any default charges due | $ 20.88 | | Costs of Repossession | $ 800.00 |
| 4. | Pay the costs of repossession (estimated) | $ 800.00 | | Total Costs and Charges (A) | $ 12,090.15 |
| | | | | Less Estimated Unearned Finance Charge | ($ 0.00) |
| 5. | Pay any other costs incurred (estimated) | $ 0.00 | | Less Estimated Refund on Cancelled Collateral Protection Insurance | ($ 0.00) |
| | Reinstatement Amount Total Due* | $ 2,126.08 | | Total Refund (B) | ($ 0.00) |
| | | | | Redemption Amount Total Due* (C) [A - B = C] | $ 12,090.15 |

* As of the date of this Notice, plus finance charges and expenses incurred and less moneys received after the date of this Notice.

[ ]  (Box is checked if applicable.) Additional Finance Charge or interest charge of $N/A per day continues to accrue in addition to the amount shown above, for each day after the date of this Notice up to and including the date on which you get the vehicle back, and must be paid in addition to the Total Due to Reinstate or to Redeem shown above in order to Reinstate or Redeem.

The longer you wait, the more you may have to pay to get the vehicle back. Additional charges and expenses you may be responsible to pay may continue to accrue in addition to the costs of repossession shown above, for each day after the date of this Notice, up to and including the date on which you get the vehicle back or we sell it. These additional charges and expenses may include late payment fees, the reasonable expenses of retaking, holding, preparing for sale and selling the property, and reasonable attorneys' fees and legal expenses, as permitted by law. You will have to pay these expenses in addition to the Total Due to Reinstate or to Redeem shown above, as applicable, in order to get your vehicle back before we sell it. If you do not get the vehicle back before we sell it, we will add the additional expenses to the amount you owe, as permitted by law.

Please call us at 1-888-937-9992 or write us at Wells Fargo Bank, N.A. DBA Wells Fargo Dealer Services E2578-021, PO Box 3599, Rancho Cucamonga, CA 91729, to discuss reinstatement and/or redemption. We accept telecommunications relay service calls.

### NOTICE OF SALE

If you do not take the steps required to get your vehicle back pursuant to the instructions above, we will sell the vehicle after the expiration of 15 days from the date of this Notice, as described in the attached Notice of Our Plan to Sell Property.

If we sell the vehicle and a deficiency balance remains on your Contract after applying the net proceeds from the sale of said vehicle toward the debt, we intend to proceed against you to collect that deficiency if the attached Notice of Intent to Sell Property indicates that you will owe us any deficiency that remains after sale. Any payment or notice in connection with this matter should be addressed to Wells Fargo Dealer Services at the address shown at the bottom of this Notice.

Case ID: 200700334

**NOTICE OF PERSONAL PROPERTY**

Any personal property left in the repossessed motor vehicle will be held for thirty (30) days from the date of the mailing of this notice. You may reclaim the personal property during this thirty (30) day period. Thereafter, the personal property may be disposed of in the same manner as the motor vehicle and other collateral.

**STATEMENT OF ACCOUNT**

For a statement of your account that shows your remaining balance, charges and credits to your account, payments that are due and remaining payment schedule, please contact: Wells Fargo Dealer Services E2578-021, PO Box 3599, Rancho Cucamonga, CA 91729.

By:   Wells Fargo Dealer Services

Telephone:   1-888-937-1092

Wells Fargo Dealer Services E2578-021
PO Box 3599, Rancho Cucamonga, CA 91729
(Address where payment should be mailed to redeem)
3905 Jackson Pike
Grove City OH 43123
(Address where repossessed property will be delivered upon such
redemption / reinstatement.)

Case ID: 200700334

**Wells Fargo Dealer Services**

Date: December 24, 2017

WELLS
FARGO

A3WFLCDTIU  000160

KIMBERLY J SOLOMON-ROBINSON
2164 SAMPSON STREET
PITTSBURGH, PA 15235

Subject:  Sale of Repossessed Property: 2011, KIA, SOUL 4 CYL., KNDJT2A25B7237066 ("Vehicle")
Account Number ending in 4006, at Wells Fargo Dealer Services ("Wells Fargo")

Dear KIMBERLY J SOLOMON-ROBINSON,

Consistent with our previous notice to you, Wells Fargo Dealer Services sold the above-described property on December 19, 2017.

The proceeds of the sale have been applied to your account. This letter explains how we applied the proceeds of the sale and any other credits to your account, recovered allowable expenses, and calculated the amount that will be refunded to you if there is a surplus (surplus), or the amount that you still owe (deficiency), as of the date of this letter, as shown below:

| | |
|---|---:|
| A. In reference to the vehicle above, which was repossessed on November 3, 2017, the aggregate amount of obligations secured (includes principal balance due and accrued finance charges as of the date the vehicle was eligible for sale) | $11,269.27 |
| B. Accrued finance charges, late fees and charges not included in "A," as of the date of this letter | $20.88 |
| C. Less rebate of unearned finance charges or credit service charge, if any | $0.00 |
| D. Subtotal ("A" plus "B" minus "C") | $11,290.15 |
| E. Gross proceeds from disposition or sale | $4,500.00 |
| F. Balance remaining after applying sale proceeds ("D" minus "E") | $6,790.15 |
| G. Costs of repossession | $800.00 |
| H. Storage expenses | $0.00 |
| I. Costs of preparation and sale | $554.50 |
| J. Attorney's fees/legal expenses, as permitted by law | $0.00 |
| K. Subtotal of costs of repossession, storage, preparation and sale, attorney fees, and legal expenses ("G" plus "H" plus "I" plus "J") | $1,354.50 |
| L. Credits not included in "A," including insurance and other rebates, if any | $0.00 |
| M. Amount of deficiency or (surplus) after sale ("F" plus "K" minus "L")** | $8,144.65 |
| **Deficiency balance you must pay or (surplus) to be paid to you** | $8,144.65 |

**Future debits, credits, charges, including additional credit service charges, finance charges or interest, rebates, refunds, and expenses may affect the amount of the (surplus) or deficiency balance.

If you reside in Maryland and we sold your vehicle at private sale, a copy of the collateral condition report with information about the sale is attached and is incorporated into this notice by reference.

OFSG/LTR-19 (08/24/17)  Multi-State

Wells Fargo Dealer Services is a division of Wells Fargo Bank, N.A. © 2017 Wells Fargo Bank, N.A. All rights reserved.



EXHIBIT
Case ID: 2007003 4

Any (surplus) to be paid to you will be forwarded separately. Future credits including rebates and refunds, if applicable and if owed to you in addition to the (surplus) calculated in this letter, will be forwarded upon receipt.

If this letter indicates that there is a deficiency balance you must pay, please contact our office at 1-800-752-8533 Monday through Friday, between 8:00 a.m. – 8:00 p.m. Pacific Time, 10:00 a.m. – 10:00 p.m. Central Time, 11:00 a.m. – 11:00 p.m. Eastern Time, to make satisfactory payment arrangements. We accept telecommunications relay service calls.

If this letter indicates that you owe a deficiency balance, the laws of some states require us to inform you that this communication is an attempt to collect a debt and that ANY information obtained will be used for that purpose.

Any payment should be directed to:

> **Wells Fargo Dealer Services**
> **PO Box 17900**
> **Denver, CO 80217-0900**

Any notice or request should be directed to:

> **Wells Fargo Dealer Services**
> **PO Box 3599**
> **Rancho Cucamonga, CA 91729**



OFSG/LTR-19 (08/24/17)  Multi-State

Wells Fargo Dealer Services is a division of Wells Fargo Bank, N.A. © 2017 Wells Fargo Bank, N.A. All rights reserved.

Case ID: 200700334

**Wells Fargo Dealer Services**



### Notice of Sale of Repossessed Property and Explanation of the Calculation of Surplus or Deficiency



A3WFLCDTIZ  000432

VINCENT SORACE
233 MONKEY WRENCH RD
GREENSBURG, PA 15601

Date: September 14, 2014

Re:     Sale of Repossessed Property: 2009, FORD TRUCK, EXPLORER-V6, 1FMEU74E39UA01105

Account Number 7850214397, at Wells Fargo

Dear VINCENT SORACE,

Consistent with our previous notice to you, Wells Fargo Dealer Services has sold the above-described property on September 9, 2014.

The proceeds of the sale have been applied to your account. This letter explains how we applied the proceeds of sale and any other credits to your account, recovered allowable expenses, and calculated the amount that will be refunded to you if there is a surplus (surplus) or the amount that you will still owe (deficiency), as shown below, as of the date of this letter:

| | |
|---|---:|
| A. Aggregate amount of obligations secured as of July 22, 2014, the date repossession (includes current principal balance due and finance charges accrued as of the date of repossession) | $10,878.14 |
| B. Accrued finance charges, late fees and charges not included in "A," as of the date of this letter | $66.41 |
| C. Less rebate of unearned finance charges or credit service charge, if any | $0.00 |
| D. Subtotal ("A" plus "B" minus "C") | $10,944.55 |
| E. Gross Proceeds from disposition or sale | $9,000.00 |
| F. Balance remaining after applying sale proceeds ("D" minus "E") | $1,944.55 |
| G. Costs of repossession | $350.00 |
| H. Storage expenses | $0.00 |
| I. Costs of preparation and sale | $492.50 |
| J. Attorney's Fees/Legal Expenses, as permitted by law | $0.00 |
| K. Subtotal of Costs of Repossession and Sale ("G" plus "H" plus "I" plus "J") | $842.50 |
| L. Credits not included in "A," including insurance and other rebates, if any | $0.00 |
| M. Amount of Deficiency or (Surplus) After Sale ("F." Plus "K" minus "L.")** | $2,787.05 |
| **Deficiency Balance You Must Pay or (Surplus) to be Paid to You** | $2,787.05 |

**Future debits, credits, charges, including additional credit service charges, finance charges or interest, rebates, refunds and expenses may affect the amount of the (Surplus) or Deficiency Balance.

Wells Fargo Dealer Services is a division of Wells Fargo Bank, N.A. Member FDIC and Equal Credit Opportunity Lender.
0000 001025 (Rev 02)



EXHIBIT
4



If you reside in Maryland and we sold your vehicle at private sale, a copy of the collateral condition report with information about the sale is attached and is incorporated into this notice by reference.

If this letter indicates that you owe a deficiency, please contact our office at 1-800-752-8533 Monday through Friday, between 8:00 a.m. and 8:00 p.m. Pacific Time to make satisfactory arrangements to pay the **Deficiency Balance You Must Pay.**

The **Surplus to be Paid to You** will be forwarded separately. Future credits including rebates and refunds, if applicable and if owed to you in addition to the (Surplus) calculated in this letter, will be forwarded upon receipt.

IF THIS LETTER INDICATES THAT YOU OWE A DEFICIENCY BALANCE, THEN IT IS AN ATTEMPT BY WELLS FARGO DEALER SERVICES TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Any payment should be directed to:

> **Wells Fargo Dealer Services**
> PO Box 25341
> Santa Ana, CA 92799

Any notice or inquiry should be directed to:

> **Wells Fargo Dealer Services**
> PO Box 3599
> Rancho Cucamonga, CA 91729
> Telephone: 1-800-752-8533

Wells Fargo Dealer Services

Wells Fargo Dealer Services is a division of Wells Fargo Bank, N.A. Member FDIC and Equal Credit Opportunity Lender.
0000 001025 (Rev 02)

Case ID: 200700334

## VERIFICATION

I verify that the averments of fact made in this pleading are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. §4904 relating to unsworn falsification to authorities.

Tammy Yerty

Joseph Yerty

Case ID: 200700334

## VERIFICATION

I verify that the averments of fact made in this pleading are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. §4904 relating to unsworn falsification to authorities.

Vince Sorace

Case ID: 200700334

## VERIFICATION

I verify that the averments of fact made in this pleading are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. §4904 relating to unsworn falsification to authorities.

Viktor Stevenson

## VERIFICATION

I verify that the averments of fact made in this pleading are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. §4904 relating to unsworn falsification to authorities.

Kimberly Solomon

## VERIFICATION

I verify that the averments of fact made in this pleading are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. §4904 relating to unsworn falsification to authorities.

Ashley Yates

Case ID: 200700334

## VERIFICATION

I verify that the averments of fact made in this pleading are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. §4904 relating to unsworn falsification to authorities.

*James Zaronsky*
James Zaronsky

Case ID: 200700334

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| VINCENT SORACE, JOSEPH YERTY, TAMMY YERTY, JAMES ZARONSKY, LINDA ZARONSKY, VIKTOR STEVENSON, ASHLEY YATES, and KIMBERLY SOLOMON-ROBINSON, individually and on behalf of a class of similarly situated persons, | ) ) ) ) ) ) ) ) CIVIL ACTION No. 200700334 JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| WELLS FARGO BANK, N.A., | ) ) |
| Defendant. | ) |

## STIPULATED ORDER

Plaintiffs Vincent Sorace, Josheph Yerty, Tammy Yerty, James Zaronsky, Linda Zaronsky, Viktor Stevenson, Ashley Yates and Kimberly Solomon-Robinson ("Plaintiffs") and Defendant Wells Fargo Bank, N.A. (hereafter "Wells Fargo"), hereby stipulate as follows:

1. Wells Fargo was served with the Class Action Complaint on August 3, 2020.

2. Wells Fargo has requested an 11-day extension to answer, move, or otherwise respond to the pending Class Action Complaint, thereby extending the deadline from August 24 to September 4, 2020. Plaintiffs do not object to this requested relief.

3. Nothing in this Stipulated Order is intended to alter any statutory deadline to remove (or attempt to remove) this case to federal court or any other defense that Wells Fargo may raise in response to the Complaint.

Date: August 14, 2020

SHENKAN INJURY LAWYERS, LLC

By: Richard Shenkan
*Attorney for Plaintiffs*

Date: August 14, 2020

MCGUIREWOODS, LLP

/s/ Jarrod D. Shaw

By: Jarrod D. Shaw
*Attorney for Defendant*

IT IS SO ORDERED.

Date: _____

_____

J.



No Items in Cart　LOGIN
Civil Docket Report
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 200700334 |
| **Case Caption:** | SORACE ETAL VS WELLS FARGO BANK, N.A. |
| **Filing Date:** | Tuesday , July 07th, 2020 |
| **Court:** | CLASS ACTION |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | CLASS ACTION |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SHENKAN, RICHARD |
| **Address:** | 6550 LAKESHORE ST. WEST BLOOMFIELD MI 48323 (248)562-1320 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | SORACE, VINCENT |
| **Address:** | 233 MONKEY WRENCH RD. GREENSBURG PA 15601 | **Aliases:** | *none* | |
| | | | | |
| 3 | 1 | | PLAINTIFF | YERTY, JOSEPH |
| **Address:** | 423 BRUMBAUGH LANE MARTINSBURG PA 16662 | **Aliases:** | *none* | |

| 4 | 1 | | PLAINTIFF | YERTY, TAMMY |
|---|---|---|---|---|
| **Address:** | 423 BRUMBAUGH LANE MARTINSBURG PA 16662 | **Aliases:** | *none* | |

| 5 | 1 | | PLAINTIFF | STEVENSON, VIKTOR |
|---|---|---|---|---|
| **Address:** | 3100 CHARTIERS AVE. PITTSBURGH PA 15214 | **Aliases:** | *none* | |

| 6 | 1 | | PLAINTIFF | YATES, ASHLEY |
|---|---|---|---|---|
| **Address:** | 3100 CHARTIERS AVE. PITTSBURGH PA 15214 | **Aliases:** | *none* | |

| 7 | 1 | | PLAINTIFF | SOLOMON-ROBINSON, KIMBERLY |
|---|---|---|---|---|
| **Address:** | 2614 SAMPSON ST. PITTSBURGH PA 15235 | **Aliases:** | *none* | |

| 8 | 10 | | DEFENDANT | WELLS FARGO BANK NA |
|---|---|---|---|---|
| **Address:** | 601 CHESTNUT ST. PHILADELPHIA PA 19106 | **Aliases:** | *none* | |

| 9 | | | TEAM LEADER | GLAZER, GARY S |
|---|---|---|---|---|
| **Address:** | 469 CITY HALL PHILADELPHIA PA 19107 (215)686-9540 | **Aliases:** | *none* | |

| 10 | | | ATTORNEY FOR DEFENDANT | SHAW, JARROD D |
|---|---|---|---|---|
| **Address:** | MCGUIREWOODS LLP 260 FORBES AVENUE, SUITE 1800 PITTSBURGH PA 15222 (412)667-7907 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 07-JUL-2020 11:54 PM | ACTIVE CASE | | | 08-JUL-2020 11:01 AM |

| Docket Entry: | E-Filing Number: 2007010770 | | | |
|---|---|---|---|---|
| | | | | |
| 07-JUL-2020 11:54 PM | COMMENCEMENT CIVIL ACTION JURY | SHENKAN, RICHARD | | 08-JUL-2020 11:01 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Final Cover | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | *none.* | | | |
| | | | | |
| 07-JUL-2020 11:54 PM | COMPLAINT FILED NOTICE GIVEN | SHENKAN, RICHARD | | 08-JUL-2020 11:01 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>20200707234053.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 07-JUL-2020 11:54 PM | JURY TRIAL PERFECTED | SHENKAN, RICHARD | | 08-JUL-2020 11:01 AM |
| Docket Entry: | 8 JURORS REQUESTED. | | | |
| | | | | |
| 07-JUL-2020 11:54 PM | WAITING TO LIST CASE MGMT CONF | SHENKAN, RICHARD | | 08-JUL-2020 11:01 AM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 14-AUG-2020 12:46 PM | STIPULATION FILED | SHAW, JARROD D | | 14-AUG-2020 12:55 PM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>2020-08-14 Sorace Stipulation.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | STIPULATION TO EXTEND TIME TO RESPOND TO THE COMPLAINT FILED. (FILED ON BEHALF OF WELLS FARGO BANK NA) ENTRY OF APPEARANCE FILED ON BEHALF OF WELLS FARGO BANK NA. | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

[ Search Home ]   [ Return to Results ]