IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT SORACE, JOSEPH YERTY, TAMMY YERTY, JAMES ZARONSKY, LINDA ZARONSKY, VIKTOR STEVENSON, ASHLEY YATES, and KIMBERLY SOLOMON-ROBINSON, individually and on behalf of a class of similarly situated persons,<br><br>            Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>            Defendant. | CIVIL ACTION<br><br>No. 2:20-CV-4318 |

**DEFENDANT WELLS FARGO BANK, N.A.'S PARTIAL MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by its undersigned counsel, hereby submits its Partial Motion to Dismiss Plaintiffs' Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Wells Fargo's Motion to Dismiss is made on the grounds that Plaintiffs have failed to state a claim for which relief can be granted. As to Count 1, Plaintiffs' claims based on the Motor Vehicle Sales Finance Act ("MVSFA") should be dismissed as a matter of law because there is no private right of action under the MVSFA, Plaintiffs' claim for violations *in pari materia* do not provide a right of action, and Plaintiffs cannot collect statutory damages under the UCC based directly on alleged violations of the MVSFA. Further, Plaintiffs have failed to sufficiently plead facts necessary to support claims based on alleged undisclosed or unreasonable fees. Plaintiffs' allegations as to improper disclosures relating to redemption and reinstatement, as well as the

1

timing of redemption, fail as a matter of law, as documents attached to the Complaint and integral to Plaintiffs' claim contradict those allegations.

As to Count 2, Plaintiffs' claims should be dismissed for failure to plead law or facts to support of their allegations that Wells Fargo failed to send Post-Sale Notices to co-borrowers. Further, Plaintiffs' claims regarding the alleged failure to send Post-Sale Notices via certified mail fail to state a claim, as they are based on the MVSFA for which there is no private right of action, and Plaintiffs have failed to plead sufficient facts to enforce such allegations through the UCC's requirements of commercial reasonableness or good faith.

This Motion relies upon Wells Fargo's Memorandum of Law in support of this Motion, all records and documents on file in this matter, and any oral or documentary evidence presented at the hearing, if any, on this Motion.  Based on the foregoing, as set forth in Wells Fargo's contemporaneously filed documents, Wells Fargo respectfully requests that this Court grant partial dismissal of Count 1 and complete dismissal of Count 2 in Plaintiffs' Class Action Complaint, with prejudice, and grant Wells Fargo such other and further relief to which it may be justly entitled.

Dated: September 30, 2020

Respectfully submitted,

/s/ Jarrod D. Shaw
Jarrod D. Shaw (Pa. Id. 93459)
Karla L. Johnson (Pa. Id. 307031)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone:  (412) 667-7907
Facsimile:  (412) 667-7992
Email: jshaw@mcguirewoods.com
Email kjohnson@mcguirewoods.com

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*