IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT SORACE, JOSEPH YERTY, TAMMY YERTY, JAMES ZARONSKY, LINDA ZARONSKY, VIKTOR STEVENSON, ASHLEY YATES, and KIMBERLY SOLOMON-ROBINSON, individually and on behalf of a class of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | CIVIL ACTION <br><br> No. 2:20-CV-4318 |

**PLAINTIFFS' MOTION FOR REMAND**

AND NOW COME the Representative Plaintiffs, Vincent Sorace, Joseph and Tammy Yerty, James Zaronsky, Linda Zaronsky, Viktor Stevenson, Ashley Yates, and Kimberly Solomon-Robinson (collectively known as "Plaintiffs") by and through their undersigned counsel, who respectfully request that this Honorable Court enter an Order pursuant to 28 U.S.C. §1447 remanding this case to the Court of Common Pleas of Philadelphia County for the reasons set forth below, which are more fully set forth in the contemporaneously filed Brief in Support of the Motion for Remand (incorporated herein by reference).

1. On July 7, 2020, Plaintiffs filed a Class Action Complaint against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") in the Court of Common Pleas of Philadelphia County. The case was removed to this Court by the Defendant on September 2, 2020.

2. The Complaint alleges that Wells Fargo violated Pennsylvania's Commercial Code ("UCC"), 13 Pa.C.S.A. §9601, *et seq*., independently, and in *pari materia* with Pennsylvania's

1

Motor Vehicle Sales and Financing Act ("MVSFA"), 12 Pa.C.S.A. §§6201, *et seq.*, relating to statutory procedural requirements for a Post-Repossession Consumer Disclosure Notice ("Notice of Repossession") that must be sent after a vehicle is repossessed but prior to the disposition (sale) of the repossessed vehicle. The Complaint also alleges failure to follow statutory procedural requirements for the Post-Sale Notice.

3. Plaintiffs' complaint alleges, *inter alia*: (<u>1</u>) that the Notices of Repossession failed to accurately disclose the intended method of disposition (i.e. the Notices stated the sale would be private when the sale was actually public and therefore the notice also lacked required information regarding the date and time of the public sale); (<u>2</u>) that the Notices of Repossession failed to inform debtors of various (unincurred, therefore, illegal) fees that the Defendant (or its third party agent) would assess as a precondition to redemption or reinstatement; (<u>3</u>) that the Notices of Repossession failed to accurately disclose the proper redemption period; (<u>4</u>) that the Notices of Repossession failed to accurately disclose the debtors rights to redemption and reinstatement by including conflicting and confusing statements about those rights; (<u>5</u>) that the Defendant failed to send Post-Sale Notices by registered or certified mail as required, and lastly, (<u>6</u>) that the Defendant did not send separately addressed Post-Sale Notices to co-obligors, as required. Complaint, ¶¶41-55. In addition, Plaintiffs challenge Defendant's use of unlicensed repossession brokers. *Id*. at ¶¶56-62.

4. The Complaint seeks minimum ***statutory damages only*** for the violations of the UCC, independently, and the UCC and MVSFA in *pari materia*. (*Id.*, ¶¶88-92). Comment 4 to 13 Pa.C.S.A. §9625 states that statutory minimum damages are intended to establish a secured party's liability for violations of, *inter alia*, the notice provisions in consumer goods transactions ***even where the borrower suffers no injury***. Official Comments to 13 Pa.C.S.A. §9625.

> 4. **Minimum Damages in Consumer-Goods Transactions**. Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary

obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that **every noncompliance** with the requirements of Part 6 in a consumer-goods transaction **results in liability**, *REGARDLESS OF ANY INJURY THAT MAY HAVE RESULTED*.

Official Comment 4 to 13 Pa.C.S.A. §9625 (emphasis added). Complaint, ¶90.

5. Complying with the Supreme Court precedent of *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013), the Plaintiffs carefully crafted their complaint to plead, properly, in clear and specific verbiage, that their intent is to limit their respective recovery to minimum statutory damages and to litigate these exclusively state-law claims in their chosen state-court forum. In this regard, no actual harm or material risk of harm particularized to the Plaintiffs or any Class Member was pled.

6. While such actual harm needs to be pled to confer Article III and Federal jurisdiction, the statutes at issue make clear that no harm needs to be pled or proved to establish liability and minimum statutory damages. In this connection, the complaint explains, in pertinent part, as follows:

> As masters of their complaint, Plaintiffs are permitted to craft their complaint to avoid federal jurisdiction. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013). This complaint is crafted to comply with the Pennsylvania Rules of Civil Procedure. ***They do not and are not intended to satisfy the Federal Court jurisdiction and pleading requirements***." Complaint, ¶8 (emphasis added).

> As said masters of their complaint, Plaintiffs explicitly and intentionally *limit* their relief to statutory minimum damages pursuant to 13 Pa.C.S. §9625(c)(2) which expressly permits a recovery to consumers as a result of a secured creditor's non-compliance ***regardless of whether or not any Representative Plaintiff or any Class Member suffered any harm***, capping the recovery to a formulaic figure as determined by a sum determined by adding the finance charge plus 10% of the amount financed." *Id*. at ¶9 (emphasis added).

> ***Plaintiffs are not alleging that they or any of the putative class members suffered any actual, particularized, concrete injury-in-fact or material risk of harm to confer Federal jurisdiction***. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016). *Id*. at ¶10 (emphasis added).

3

7. Succinctly stated, Plaintiffs carefully crafted their complaint and did NOT plead any actual harm nor a material risk of actual harm, particularized to the Plaintiffs – pleading ***<u>requirements</u> needed to confer Article III jurisdiction***. *Kamal v. J. Crew Group, Inc.,* 918 F.3d 102 (3d Cir. 2019). The complaint certainly does not include any allegations of actual harm sufficient to satisfy the "***clear and specific***" pleading mandate of *Kamal, supra.* ***Any doubts as to Article III jurisdiction must be resolved in favor of remand.*** *Samuel–Bassett,* supra. (emphasis added).

8. Defendant removed this case pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §1332(d)(ECF 1, Notice of Removal), without pointing to any alleged facts or relevant precedent to establish Article III standing and Federal jurisdiction.

9. Lack of subject matter jurisdiction can be raised any time before final judgment. If it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. §1447(c). Such a jurisdictional defect "may be raised at any time." *Farina v. Nokia, Inc.*, 625 F.3d 97 (3d. Cir. 2010), citing to *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir 2003).

10. Plaintiffs respectfully request that the Court remand this Case back to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447 because:

   a. Plaintiffs lack Article III standing to pursue this case in Federal Court, as Plaintiffs' Complaint does not allege any particularized and concrete injury-in-fact, or make any other allegations, that provide a basis for Article III standing and Federal Court jurisdiction; and,

   b. Defendant has not met its burden of showing that the CAFA jurisdictional requirements have been met.

WHEREFORE, for the reasons more fully set forth in the contemporaneously filed Brief in Support of the Motion for Remand (incorporated herein by reference), Plaintiffs respectfully request that this Court:

1. Summarily remand this case to the Court of Common Pleas of Philadelphia County based on lack of Article III standing / Federal jurisdiction; and/or, in the alternative, permit jurisdictional discovery to determine, *inter alia*,
    (i) the putative class size;
    (ii) the potential damages at issue;
    (iii) the methods used to ascertain (i) and (ii);
    (iv) whether there are any arbitration agreements at issue and, if so, the potential enforceability of and matters pertaining to the any arbitration agreements; and,
    (v) the potential impact of any arbitration agreements on the putative class.

Oral argument is requested.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.
/s/ Richard Shenkan
Richard Shenkan
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Remand has been served upon counsel of record for all parties as a result of the CM/ECF system.

SHENKAN INJURY LAWYERS, LLC.
/s/ Richard Shenkan
Richard Shenkan
*Attorney for Plaintiffs*