DOCKETED
OCT - 1 2020
R. POSTELL
COMMERCE PROGRAM

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| SIMONE RYAN, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| | September Term, 2017 |
| Plaintiff, | |
| v. | No. 03529 |
| TIDEWATER FINANCE COMPANY, | |
| Defendant. | |

Ryan Vs Tidewater Finan-ORDER

17090352900178

## ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

**AND NOW**, this 1st day of October, 2020, after consideration of Plaintiff's Motion for Final Approval and Defendant's statement of no opposition, and after a hearing, it is hereby **ORDERED and ADJUDICATED** as follows:

1. This Court has jurisdiction over the parties (including all Class Members).[1] Plaintiff Simone Ryan has set-forth cognizable, prima facie claims under the UCC, and under the UCC and MVSFA in *parl material*.

2. Pursuant to the Pennsylvania Rules of Civil Procedure and a settlement between the parties as recorded in a Settlement Agreement, it is ORDERED and ADJUDGED that the Settlement Agreement is APPROVED since it air, reasonable, and adequate. It is in the best interest of the Classes specified in the Settlement Agreement, as framed by the many factual, legal, practical and procedural considerations raised in this action.

3. Class 1 and Class 2, as defined in paragraphs 2.08 and 2.09 of the Settlement Agreement, are hereby CERTIFIED for settlement purposes. Damages under 13 Pa. C.S. §9625(c) (2) and (e) of the UCC do not require proof of any harm.[2] Therefore, Class Members who

---

[1] Capitalized terms in this Order have the same meaning as defined in the Settlement Agreement.
[2] 13 Pa.C.S. §9625, Official Comment 4.

1

EXHIBIT 8

2009296

voluntarily surrendered their repossessed vehicle, reinstated their loan, suffered a bankruptcy, or redeemed their collateral are to be included in this recovery.

4. The Class definitions are sufficient to render the Classes ascertainable.

5. The Classes meet all certification requirements set forth in Pa.R.C.P. 1702.

6. The Classes are sufficiently numerous that joinder is impracticable.

7. The questions of fact and law are common to the Classes. A disclosure notice cannot be commercially reasonable if the text violates the MVSFA, the UCC, or the MVSFA and UCC in *pari materia* and form notices and/or standardized practices. This action therefore ripe and appropriate for class-wide relief.

8. Plaintiff Simone Ryan's appointment of Richard Shenkan, Esquire and Shenkan Injury Lawyers, LLC as Class Representative and Attorney and their appointment as counsel for Class 1 and Class 2 are approved and continue("Class Counsel"). Class Counsel has represented the Class Members since June 23, 2020.

9. Upon review of the Affidavit of Settlement Administrator Dorothy Sue Merryman, the Court finds that the Notice provided to the Class Members was practicable under the circumstances and satisfy due process and Pennsylvania Rules of Civil Procedure.

10. No Class Members objected to the Settlement or requested exclusion from the Classes; therefore, ,all Class Members are bound by, and no Class Members are excluded from, the terms of the Settlement Agreement, and this Order of Final Judgment and Dismissal With Prejudice.

11. This Court hereby finds that the Settlement Agreement is in good faith, reflective of arm's-length negotiations and is in the interests of justice. After consideration of issues including but not limited to: (a) uncertainty about Plaintiff's ultimate success on the merits, the range of possible recovery, and the expense and duration of the litigation; (b) the potential of Class Member opposition to the settlement (of which there is none); (c) the duration and extent of the litigation

that took place before the Settlement Agreement was achieved; (d) all written submissions, declarations and arguments of counsel; and (e) after notice and hearing: this Court finds that the Settlement Agreement is fair, adequate, and reasonable, and each Class Member is bound by the Settlement Agreement.

12. Defendant Tidewater Finance Company ("Tidewater") shall fund the settlement by wiring the settlement proceeds to the Settlement Administrator as required under paragraphs 7.03 and 7.10 of the Settlement Agreement (the $300,000 Settlement Amount less any payment made pursuant to paragraph 7.04(d) of the Settlement Agreement and approximately $10,000 relating to Post-Complaint Payments). The Settlement Fund shall be used to pay Class Members (including Post-Complaint Return Payments), the Settlement Administration Costs, Class Counsel Fees, Class Counsel Costs, and the Incentive Award as set forth in the Settlement Agreement. All unclaimed and excess monies in the Settlement Fund shall be distributed to the *Cy Pres* Recipients in accordance with the Settlement Agreement.

13. The Court approves Class Counsel Fees in the total amount of $120,000.00 plus Class Counsel Costs incurred to date in the amount of $16,255.07. Those amounts are fair and reasonable and shall be paid from the Settlement Fund. Class Counsel Richard Shenkan, Esquire has demonstrated distinguished legal ability. He is committed to an orderly and responsible administration of the Settlement Agreement.

14. This Court approves an Incentive Award of $15,000.00 for named Plaintiff Simone Ryan for her diligent time and effort serving as the Class Representative. This payment shall be paid from the Settlement Fund as governed by the Settlement Agreement.

15. This Court has reviewed the application for Class Counsel fees and expenses. Consistent with criteria set forth in Pa.R.C.P.1717, and following established law permitting payment of reasonable counsel fees and expenses to Class Counsel from the common fund created

3

for the benefit of the specified Classes, this Court finds that the cash value of the Settlement along with other aspects of the Settlement Agreement including are worthy of the counsel fees set forth in the Settlement Agreement as these counsel fees are reasonable and not excessive.

16. While not amenable to precise measurement, the "trade-line deletion" provided in the Settlement Agreement is a tangible benefit that may, *inter alia,* improve Class Members' credit scores. This could help Class Members reduce their cost of credit in the future. It may also help remove credit related barriers on Class Member future applications for insurance, mortgages or leaseholds. This Court notes decisions by courts in the U.S. Eastern District of Pennsylvania and Pennsylvania's Jefferson County Court of Common Pleas have found that credit repair through expungement is a settlement feature that can have substantial value equal or even more than the cash portion of a settlement. *Ciccarone v. B.J. Marchese, Inc.,* 2004 WL 2966932 at *10 (E.D. Pa. Dec. 22, 2004); *Dudo, et al. v. Capital One,* Docket No. 296-2020 (C.C.P. Pa., Jefferson Co. 2020) and *Maszgay v. First Commonwealth Bank,* Docket No. 686-2015 (C.C.P. Pa., Jefferson Co. 2018). There is a possibility that this is the case here.

17. This Court expressly adopts and incorporates the terms of the Settlement Agreement and the Parties shall carry out their respective obligations delineated therein.

18. The Released Claims of the Class and of the Defendant, as set forth in paragraphs 9.01 and 9.02 of the Settlement Agreement, are hereby **DISMISSED** with prejudice.

19. The terms of the Settlement Agreement and this Order shall be forever binding on the Classes and on the Defendant. *Res judicata* and any and all other legal rules and doctrine shall preclude all pending and future claims, lawsuits or other proceedings to the extent those claims, lawsuits, or other proceedings involve Released Claims.

20. If (a) the Settlement Agreement is terminated pursuant to its terms; (b) the Settlement Agreement, this Order of Final Judgment and Dismissal With Prejudice do not, for any reason,

become effective; or, (c) the Settlement Agreement, this Order of Final Judgment and Dismissal with Prejudice are reversed, vacated or modified in any material or substantive respect, then this Order of Final Judgment and Dismissal shall be deemed satisfied or vacated, as the case may be. If the Settlement does not become final in accordance with the terms of the Settlement Agreement, this Order and the Judgment shall be void and deemed vacated.

21. Defendant Tidewater shall send 1099-C forms to Class Members or to the IRS only as provided under the terms of the Settlement Agreement.

22. This Court hereby retains jurisdiction of this matter for purposes of supervising the implementation of the Settlement Agreement and addressing issues that may arise during the distribution and allocation of the Settlement Fund.

23. Final Judgment is entered as provided herein.

24. Defendant Tidewater Finance Company is hereby **DISMISSED** with prejudice from this action. The Prothonotary shall so mark the docket.

**BY THE COURT**

_____
**RAMY I. DJERASSI, J.**

5