## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT SORACE, JOSEPH YERTY, TAMMY YERTY, JAMES ZARONSKY, LINDA ZARONSKY, VIKTOR STEVENSON, ASHLEY YATES, and KIMBERLY SOLOMON-ROBINSON, individually and on behalf of a class of similarly situated persons, | CIVIL ACTION |
| *Plaintiffs,* | NO. 20-4318 |
| v. | |
| WELLS FARGO BANK, N.A., | |
| *Defendant.* | |
| ANTHONY C. GILMORE, JENNIFER LYNN HUMMEL, SHAWN DAVID HUMMEL and JEFFREY F. SIEGLER, | |
| *Intervenor Plaintiffs.* | |

**Pappert, J.**                                          **September 7, 2023**

## MEMORANDUM

Named Plaintiffs filed a class action against Wells Fargo Bank, accusing Wells Fargo of violating Pennsylvania law by using deficient disclosure notices and practices when it repossessed the Plaintiffs' vehicles. After Plaintiffs filed their Second Amended Complaint and Wells Fargo moved to dismiss it, the parties jointly requested a stay so that they could pursue settlement negotiations. (ECF 48). After eighteen months of negotiations, including mediation before retired United States Magistrate Judge Diane Welsh, Plaintiffs filed a Motion for Preliminary Approval of Settlement, with a

1

proposed settlement class consisting of persons who entered, in relevant part, "a retail installment sales contract in Pennsylvania for the financing of a Motor Vehicle purchased primarily for personal, family or household use and whose retail installment sales contract was assigned or sold to Wells Fargo." (p. 14-15, ECF 74-1).

Anthony Gilmore and Jeffrey Siegler filed a motion to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, for permissive intervention under Rule 24(b)(1). (ECF 75). Gilmore and Siegler then amended their motion, joined now by Jennifer Lynn Hummel and Shawn David Hummel. (ECF 79).

The Court denies the amended motion to intervene because the proposed intervenors do not meet the requirements for intervention as of right or permissive intervention. The motion is untimely and fails to demonstrate why, absent intervention, the proposed intervenors' rights would be impaired, or their interests inadequately represented. Furthermore, Gilmore and Siegler cannot show significant interest in the litigation because they are not members of the proposed settlement class.

I

Under Federal Rule of Civil Procedure 24(a)(2), a court must grant a motion to intervene if the applicant establishes:

> [F]irst, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation.

*Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998).

Each requirement must be met to intervene as of right.  *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).  In class actions, "the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation."  *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005).  Therefore, when absent class members seek to intervene as a matter of right, "the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation."  *Id.*

## A

Whether a motion to intervene is timely depends on "(1) how far the proceedings have gone when the movant seeks to intervene, (2), the prejudice that delay may cause the parties, and (3) the reason for delay."  *In re Fine Paper Antitrust Lit.*, 695 F.2d 494, 500 (3d Cir. 1982).  "These three factors are necessarily bound up in one another."  *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016).  "The timeliness of a motion to intervene is determined from all the circumstances, and in the first instance, by the [trial] court in the exercise of it[s] sound discretion."  *Mountain Top*, 72 F.3d at 324 (quoting *In re Fine Paper* 695 F.2d at 500) (internal quotation marks omitted).

The proposed intervenors argue that intervention is timely because no class has been certified, the Court has not yet ruled on Wells Fargo's motion to dismiss, and the "relatively short delay that will result from intervention" will not cause prejudice. (Mem. in Supp. of Mot. to Interv., p. 10).  They also contend they learned of the pendency of this case a few weeks before seeking to intervene.  (*Id.*).

Considering all three factors, the motion to intervene is untimely.  "[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in

intervention may cause to the parties already involved." *Mountain Top*, 72 F.3d at 370. The "mere passage of time . . . does not render an application untimely." *America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1056 (3d Cir.1988). But granting the motion to intervene would prejudice the adjudication of the rights of the named and unnamed class members and cause undue delay in the resolution of this case. Between November 2021 and May 2023, named Plaintiffs and Wells Fargo engaged in negotiations, including two mediation sessions before Judge Welsh. These efforts resulted in a proposed settlement for which Plaintiffs are now seeking preliminary approval. (ECF 74).

While the proposed intervenors contend they became aware of this case a few weeks before seeking to intervene, "the length of time an applicant waits before applying for intervention . . . should be measured from the point at which the applicant knew, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994). Proposed intervenors do not explain why they discovered the pending litigation nearly three years after it began. But even if they had no reason to know about the case until shortly before seeking to intervene, this factor alone does not outweigh the other factors that render the motion untimely.

B

Even if the motion to intervene was timely, applicant's interest in the litigation must be "significantly protectable . . . as distinguished from interests of a general and indefinite character." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citations omitted). The "polestar . . . is always whether the proposed intervenor's interest is direct or remote." *Kleissler*, 157 F.3d at 970, 972. An applicant must

demonstrate that its interest is "specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Pennsylvania v. President United States of America*, 888 F.3d 52, 58 (3d Cir. 2018) (quoting *Kleissler*, 157 F.3d at 972).

"Once an applicant for intervention has established that he or she possesses a sufficient legal interest in the underlying dispute, the applicant must also show that this claim is in jeopardy in the lawsuit." *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992). In making such a determination, the Court must assess the "practical consequences of the litigation," and "may consider any significant legal effect on the applicants' interest." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).

Proposed intervenors argue that because Gilmore and Siegler would have been class members under the original Class Action Complaint and "have an interest in any settlement fund," they have sufficient interest in the litigation. (Mem. in Supp. of Mot. to Interv., p. 8). But Gilmore and Siegler are not members of the proposed class in the Second Amended Class Action Complaint—the relevant complaint for the proposed settlement agreement—because they did not enter retail installment sales contracts in Pennsylvania. Neither Gilmore's nor Siegler's rights will be directly affected by the proposed settlement agreement.

The Hummels have sufficient interest as members of the class, but denying the Motion to Intervene does not impair their ability to protect their interests. Any substantive challenges can be addressed as objections to the settlement. Furthermore, the Hummels are free to opt out of the class settlement and proceed outside of the class.

C

To "overcome the presumption of adequate representation," proposed intervenors must "demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *In re Community Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005).

The proposed intervenors contend that by "renouncing advocacy and abandoning the interests of Siegler, Gilmore, and all other out of state buyers—while simultaneously conferring upon Wells Fargo a gratuitous release of their claims—the Existing Plaintiffs and their counsel have revealed themselves to be inadequate class representatives." (Mem. in Supp. of Mot. to Interv., p. 12). Siegler and Gilmore have no interest in the case, and so they cannot be *inadequately* represented.

The proposed intervenors also argue that, as to the Hummels, the "Existing Plaintiffs have ignored their valuable related claims—and those claims will be extinguished if the Existing Plaintiffs and Wells Fargo have their way." (*Id.*). This argument is neither accurate nor grounds to find inadequate representation. For one, "[i]t is not enough for objectors to point to differences in claims, allocation amounts, or state laws without identifying how such differences demonstrate a conflict of interest." *In re Pet Food Products Liab. Litig*, 629 F.3d 333, 349 (3d Cir. 2010). And again, the Hummels' claims are not extinguished; they may still opt out of any future settlement and pursue them.

II

Rule 24(b)(1) provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a

6

common question of law or fact." Fed.R.Civ.P. 24(b). And "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

Proposed intervenors argue that permissive intervention is warranted because their claims "involve substantially identical issues of fact and common questions of law." (Mem. in Supp. of Mot. to Interv., p. 16). Gilmore and Siegler do not share a common question of law or fact, as they are not members of the proposed settlement class. And although the Hummels are members of the proposed settlement class, a motion for permissive intervention must still be timely. For the reasons explained in denying them intervention as of right, their request for permissive intervention is also untimely.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.